# M'Divitt's Executor *against* M'Divitt.

An action and judgment against the obligors upon an administration bond by
one creditor, under the fourteenth and fifteenth sections of the act of the 27th
of March 1713, are a bar to a separate action by another creditor against one of
the administrators on the same bond.

One administrator cannot maintain an action against his co-administrator on
the administration bond by which they are jointly and severally bound.

ERROR to the common pleas of *Alleghany* county.
Commonwealth at the instance of Henry M'Divitt against Dennis
S. Scully executor of Eleanor M'Divitt deceased.
The above suit is brought on an administration bond entered into
by Eleanor M'Divitt, Henry M'Divitt (at whose instance this suit is
brought), Samuel M'Cord and Charles M'Cabe, all of whom are de-
ceased except the said Henry, which bond is dated the 1st day of
October 1818, conditioned for the well and truly administering the

[M'Divitt's Executor v. M'Divitt.]

goods and chattels, rights and credits of Patrick M'Divitt deceased, by the said Eleanor and Henry. Eleanor M'Divitt and Henry M'Divitt were joint administrators of said decedent.

Henry M'Divitt settled sundry administration accounts, and afterwards, to wit the 1st of February 1827, the orphan's court appointed E. Pentland as auditor, to audit and adjust the account of the said Henry M'Divitt as administrator aforesaid, who made a report, which was filed on the 23d of January 1828, and on the 29th of February 1828 was confirmed by the said court.

By this report it appears there was a balance due to the said Henry M'Divitt, as administrator aforesaid, from the estate of the said decedent of 94 dollars 78 cents, besides 10 dollars for his services, attendance and counsel fees.

That by the said account it appears that the said Eleanor M'Divitt received of the goods and chattels of the deceased to the value of 126 dollars 94 cents.

That the said Eleanor M'Divitt never settled or presented for settlement any administration account of the goods, &c., of said deceased Patrick M'Divitt, but it is alleged by the executors of the said Eleanor, although she did not settle an administration account as aforesaid, yet that in her lifetime she, the said Eleanor, had actually paid debts due by the said decedent to an amount exceeding the sum of 126 dollars 94 cents.

The plaintiff assigned as breaches of the condition of the said bond "that the said Eleanor M'Divitt did not make a true and just account, calculation and reckoning of her administration on or before the 1st day of October 1817, nor at any time afterwards, but that divers goods and chattels of the said decedent to a great value, to wit to the value of 126 dollars 94 cents, came to the hands and possession of the said Eleanor M'Divitt, which she wasted and converted to her own use.

A suit has been instituted on the same administration bond, on which this suit is founded, No. 185 of April term 1828, in the court of common pleas of Alleghany county, in the name of the commonwealth of Pennsylvania, at the instance of Samuel Kingston, Esq., against Henry M'Divitt and Samuel M'Cord, two of the obligors, on which the said court of common pleas, on the 12th of August 1830, rendered judgment generally for the plaintiff, which judgment still so remains, without *scire facias* or any further proceedings being had thereon.

Henry M'Divitt, at whose instance, this suit is brought, and for whose use it is carried on, is a joint and several obligor with the said Eleanor M'Divitt; and the defendant alleges that he is not answerable as the executor of the said Eleanor to the said Henry on the said bond, in this form of action, &c.

Upon these facts two questions arose.  1. Whether the first action on the bond against all the surviving obligors is a bar to the present suit.  2. Whether one administrator can maintain an action for his

use on the administration bond against his co-administrator.   The
court below rendered a judgment for the plaintiff.

*Fetterman*, for plaintiff in error.
*Foster*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—From the case as stated it appears to be an action
of debt brought in the court below by Henry M'Divitt upon an ad-
ministration bond against Dennis S. Scully, the plaintiff in error,
executor of Eleanor M'Divitt deceased.   The deceased, in her life-
time, had joined with the plaintiff below in administering on the
estate of Patrick M'Divitt deceased ; and became a co-obligor with
the said Henry, and two others, Samuel M'Cord and Charles
M'Cabe, as their sureties, in the bond upon which this suit was in-
stituted.   A prior action was brought on it in the court below to
April term 1828, No. 185, by Samuel Kingston, Esq., for his use,
against Henry M'Divitt, the plaintiff below, and Samuel M'Cord,
one of the sureties, jointly, they then being the only surviving obli-
gors named in the bond.   Judgment was obtained against them in
that action for the amount of the bond on the 12th of August 1830,
which remains still in full force.   The bond in its terms is joint and
several, and the condition thereof in the usual and prescribed form.
The court below, being of opinion that the plaintiff was entitled to
recover, rendered judgment accordingly.

Two objections have been taken to the plaintiff's recovery : the
first is, that the judgment obtained in the previous action brought by
Mr Kingston on the bond, is a bar to this or any subsequent action
of debt upon it.   The second is, that the plaintiff below being a co-
principal and obligor with the defendant's testatrix in the bond, can
maintain no action upon it for his use.

Either of these objections is fatal to the plaintiff's recovery.

In regard to the first, the law is well settled that where two or
more have become bound jointly and severally in an obligation, the
obligee, in case of the bond's becoming forfeited, may at his election
maintain an action against them all jointly, or against each seve-
rally ; but having once made his election by commencing and pro-
secuting an action in the one form to judgment, he is bound thereby
and cannot afterwards bring an action in the other.   Downey *v*. The
Farmers and Mechanics bank of Greencastle, 13 *Serg. & Rawle*
288 ; Walter *v*. Ginrich, 2 *Watts* 204, *b* ; 1 *Saund*. 291, *note 4, by
Sergeant Williams*, and the cases there cited by him.   At the time
of bringing the first suit upon the bond, Henry M'Divitt and Samuel
M'Cord being the only surviving obligors, and the suit having been
brought against them jointly, and prosecuted to judgment, it follows
from the rule just mentioned that the present action cannot be main-
tained.   Had actions been commenced against them severally, and
prosecuted to judgment, this action, being also several against the

[M'Divitt's Executor v. M'Divitt.]

executor of a third obligor upon the same bond, would have been perfectly consistent in that case with the plaintiff's election in bringing the first; and consequently would have been sustainable, provided the party at whose instance it was commenced were otherwise entitled to claim any thing under the bond. It is not a sufficient objection to the application of the rule laid down, that the commonwealth is the obligee named in the bond, and that it was given in her name, not merely for the benefit of Mr Kingston, but for that of all others having an interest in the due and faithful administration of the estate of Patrick M'Divitt, and that it is therefore unreasonable that he should bind and conclude these others by his election to sue upon it jointly and not severally : for it must be kept in mind that the suit by Kingston was instituted and prosecuted to judgment on the bond under the authority and direction contained in the fourteenth and fifteenth sections of the act of the 27th of March 1713, *Purd. Dig. (Edit. of* 1831) 669, 670, which permitted but one judgment to be obtained on it against the same party ; and this judgment so obtained was to be and remain cautionary for the satisfaction of all such as should, from time to time, upon writs of *scire facias* sued out thereon by them respectively, prove themselves damnified. Hence it is obvious that it would militate against the express provision of the act, as well as the rule previously established and already mentioned, to permit the obligors in the same administration bond to be sued jointly and severally, as it might occasionally produce more than one judgment on the bond against some one or more of them. By the act, however, now in force on this subject, the course of proceeding upon a bond given by administrators for the faithful discharge of their duty, is changed, and every person concerned therein, and for whose benefit it was given, upon his being injured by a breach or neglect of duty on the part of the administrators, is entitled to institute an original suit on the bond itself for his own use, and to have his damages assessed by the jury empanelled to try the cause ; and, of course, may sue the obligors either jointly or severally at his election.

Now as to the second objection, it seems to be one which, from the very structure of the bond, as well as the design of giving it, would naturally strike the mind as being insuperable. It certainly could not have entered into the contemplation of the obligors, at the time of giving the bond, that they were becoming bound by it to each other, or that it was entered into for the purpose of indemnifying one of the administrators therein named against any faithless conduct that the other might be guilty of; because the terms of the bond itself convey no such idea. This, then, being the case, the law will not give an effect and operation to it that would be altogether different from, if not directly contrary to, what was intended by the parties. From the tenor and form of the bond, it is perfectly clear that all and each of the obligors are bound to the same extent and to the same end ; so that whatever any one of them is bound or respon-

[M'Divitt's Executor v. M'Divitt.]

sible for under it, each and every of the others is alike bound and answerable for.    Now it will be admitted, I presume, that if Eleanor M'Divitt or her estate be liable under the bond to answer and pay to Henry M'Divitt, the plaintiff below, the amount of his demand, Samuel M'Cord and Charles M'Cabe, being her sureties in the bond, ought, as such, to be liable also to pay the same.    But Henry M'Divitt is a principal obligor in the bond himself with Eleanor M'Divitt; and M'Cord and M'Cabe are his sureties as well as hers; and having become such, as it must be presumed in the absence of testimony to the contrary, at the joint solicitation of the two principal obligors, Henry M'Divitt, as well as the estate of Eleanor M'Divitt, is bound in equity at least, if not in law, to save the sureties harmless, and to keep them free from all liability to pay any thing under the bond; and, therefore, it cannot be that he can claim to recover on the bond what in equity and good conscience he is bound to protect the sureties against paying.    It is perfectly manifest from the terms of the bond that nothing can be recovered by suit upon it from the principals unless the sureties be liable also, for it is equally and alike binding upon both.    To permit the plaintiff below, then, to recover in the present case, would not only be running counter to the terms of the bond itself, but to every principle of equity and natural justice.

Besides, what seems to be still more preposterous, if possible, is that Henry M'Divitt being a joint obligor with the defendant's testatrix, was bound in every respect to the same extent by the bond that she was, so that if the non performance of the condition of it happened from the neglect of either of them, it became forfeited alike against both, and both were rendered alike liable to be sued for the forfeiture, whether it arose from the act or the neglect of the one or the other; consequently no action can be maintained on the bond against the executor of Eleanor M'Divitt, unless for a cause that would be sufficient at the same time to support it against Henry M'Divitt himself, the plaintiff below.    But it is legally impossible for Henry M'Divitt to be both plaintiff and defendant in the same action, which shows that this action cannot be maintained by him or for his use.

The judgment of the court below is reversed, and judgment rendered by this court for the plaintiff in error.

Judgment reversed.