## Levison *v.* Davis, Appellant.

*Husband and wife—Necessaries—Question for jury.*

In an action against a husband for alleged necessaries furnished to his wife, it is only in a very clear case that the court will be justified in saying authoritatively to the jury that the goods purchased by the wife and charged to the husband were not necessaries; ordinarily it is a question of fact for the jury.

In an action against a husband to recover the cost of expensive clothing and millinery furnished to the wife, the case is for the jury where it appears that there had been a previous course of dealing between the parties, and that the husband had previously paid a large bill for similar articles.

In such a case a letter addressed by the husband to the plaintiff directing the latter to send bills to the wife as she was keeping her own accounts is admissible in evidence.

*Appeals—Assignments of error—Rulings on evidence—Exceptions.*

The Supreme Court will not consider assignments of error to the admission of evidence where no exception was taken to the ruling of the court.

Argued April 12, 1905. Appeal, No. 288, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., Jan. T., 1904, No. 212, on verdict for plaintiff in case of Annie Levison v. George K. Davis. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, and ELKIN, JJ. Affirmed.

Assumpsit against a husband for the cost of wearing apparel furnished his wife. Before HALSEY, J.

From the record it appeared that plaintiff claimed $2,243.50 for expensive clothing and millinery furnished Mrs. Davis during the month of October, 1902. It appeared that there had been a previous course of dealing between the parties, and that the defendant had paid the plaintiff $1,600 for expensive clothing furnished his wife from March 22, to July 18, 1902. The court admitted under objection and exceptions the following letter:

"BAR HARBOR, ME., Aug. 11.

"Dear Miss Levison: Yours received. Please send your bill to Mrs. Davis at East Hampton, Long Island, N. Y., care of Mrs. James Gallatin. Address communications to her, as she is keeping her own accounts.

"Yours G. K. DAVIS."

Verdict and judgment for plaintiff for $2,420.19. Defendant appealed.

*Errors assigned* were (2) in refusing binding instructions for defendant; (4–6) rulings on evidence.

*Thomas Darling* of *Woodward, Darling & Woodward,* for appellant.—Where the articles furnished as necessaries are alto-

gether extravagant and beyond the husband's circumstances in life, the husband is not liable : Carry v. Patton, 2 Ashmead, 140 ; Breinig v. Meitzler, 23 Pa. 156 ; Mohney v. Evans, 51 Pa. 80 ; Bergh v. Warner, 47 Minn. 250 (50 N. W. Repr. 77) ; Barr v. Armstrong, 56 Mo. 577 ; Segelbaum v. Ensminger, 20 W. N. C. 213.

*James L. Lenahan,* for appellee.—As to whether the goods were necessaries or not, was a question for the jury : Wiler v. Fiegel, 10 W. N. C. 240 ; Gordon v. Caldwell, 31 Pitts. L. J. 154 ; Parke v. Kleeber, 37 Pa. 251 ; Rigoney v. Neiman, 73 Pa. 330.

OPINION BY MR. JUSTICE POTTER, May 15, 1905 :

The burden of the appellant's complaint in this case, as set forth in the specifications of error and in the argument, is that the court did not assume the responsibility of saying authoritatively to the jury that the goods purchased by the wife and charged to the husband were not " necessaries." In a very clear case, the court would be justified in so doing, but, ordinarily, it is a question of fact for the jury.

We are not convinced that the trial judge erred in declining to charge that the articles purchased by the wife are not within the class of " necessaries " for which the wife may pledge the credit of her husband. If the goods included in this account had been the first purchases of the kind, made by the wife, the argument would be much stronger. But the evidence shows the existence of a course of dealing extending over some time, during which the wife was permitted by the husband to run an account with the plaintiff. Upon October 21, 1902, the defendant paid a bill for $1,600, which included numerous articles which to many people would have seemed extravagant and unnecessary; and while he claims that he then gave notice to the plaintiff that he would pay no more such bills, yet the plaintiff denies that she received any such notice. This disputed question of fact was for the jury. The appellant complains in the fourth and fifth assignments of error, of the admission of evidence of the fact that about the time the purchases were made, the husband had under his control a large amount of money belonging to the wife. But no exception was

taken in the court below to the admission of this testimony and we cannot consider it here.

The appellant also suggests that there was error in the admission of a letter written by the defendant to the plaintiff, in which he directed a bill to be sent to the wife, and stated that she was keeping her own accounts. We do not see that the defendant was in any way hurt by this testimony. Its date was not important, for the letter contained no refusal to pay bills contracted by the wife. Naturally he would desire that the bills should be sent to and approved by the wife, before payment, under àny circumstances. Upon the whole case we think the question involved was for the jury, and we see nothing in the manner of its submission which would justify a reversal.

The assignments of error are overruled and the judgment is affirmed.