## Strawbridge & Clothier, Inc. *v.* Shecter, Appellant.

*Husband and wife—Purchases—Liability for necessities.*

In an action of assumpsit for merchandise sold and delivered, the defense was advanced that the articles were necessaries purchased by a married woman as agent for her husband, and that no contractual relation existed between her and the plaintiff. The evidence on the part of the plaintiff disclosed that most of the purchases

were made on credit evidenced by a coin issued to the defendant, and there was no definite evidence that the goods were necessary for the family.

Under such circumstances there was sufficient evidence to sustain a finding for the plaintiff and a judgment in its favor will be affirmed.

A wife purchasing necessaries for her family is presumably acting as her husband's agent, but that presumption is overcome when she specifically contracts in her own name and the credit is given to her.

Argued October 10, 1927.   Appeal No. 36, October T., 1927, by defendant from judgment of Municipal Court, Philadelphia County, November T., 1925, No. 965, in the case of Strawbridge & Clothier, Inc., v. Jennie Shecter, also known as Mrs. A. S. Shecter. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Assumpsit on book account. Before BROWN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The Court entered judgment in favor of the plaintiff in the sum of $395.33.   Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*M. M. Kesselman,* and with him *Samuel W. Salus,* for appellant.

*E. A. Votaw,* and with him *Conrad & Middleton,* for appellee.

OPINION BY TREXLER, J., December 15, 1927:

This is an action of assumpsit brought to recover the price of certain articles of merchandise bought at plaintiff's store.   It is admitted that the goods were received, but the defendant, a married woman, claims

that they were not furnished to her, but the purchase was of necessaries and was made by her as the agent for her husband and no contractual relation existed between her and the plaintiff.

The case was tried by the court without a jury and resulted in the favor of the plaintiff. It appeared at the trial that the goods were charged to Mrs. A. S. Shecter. The receipt for the coin used for the purpose of identifying the customer was in her name, and with one exception, the coin was presented when goods were purchased. There was no attempt made to deny the receipt of the goods upon the credit evidenced by the coin, nor was there definite evidence that the goods were necessary for the family. A wife purchasing necessaries for her family is presumably acting as her husband's agent, but that presumption is overcome when she specifically contracts in her own name and the credit is given to her. There are some contradictions in the case before us, but these were for the trial judge to solve. It is sufficient that his conclusion is supported by the fact that the defendant obtained the coin, receipted for it in her own name, that the credit was extended to her apparently at her instance and request and that the subsequent dealings between the parties bear out the view that she was the principal and not acting as agent for her husband and that there was no definite proof to fix the primary liability of the husband by showing that the articles purchased were necessaries.

The judgment is affirmed.