Boggs and Buhl, Appellant, v. Kamons et al.

Argued April 25, 1933.

Before TREXLER, P. J., KELLER, CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Coleman Harrison,* for appellant.

No appearance and no paper book for appellee.

OPINION BY JAMES, J., July 14, 1933:

This is an action of assumpsit brought by the plaintiff against the defendants, husband and wife, to recover the price of certain articles of merchandise bought from the plaintiff between the dates of July 20, 1928 and February 1, 1929.

The defendant wife testified that the goods were

purchased by her and that either her husband or her children were with her when she made the purchases, but claims that being a married woman living with her husband, her husband was personally liable for the necessities. She also admitted the execution of an order for a credit account to the plaintiff.

The case was tried before the court without a jury and the trial judge rendered judgment for the plaintiff and against the husband in the sum of $116.90, but as to the wife, rendered judgment in her favor. Plaintiff, then, in accordance with the practice in the county court of Allegheny County moved to open the judgment rendered in the wife's favor and to enter judgment against both defendants. This motion was denied by a brief order of the trial judge but by reason of his death the record discloses no reason for his order discharging the rule, from which order this appeal is taken.

The goods and merchandise were sold to the defendants on open account and the plaintiff proved that the defendant wife had undertaken in writing to be personally liable. The receipt of the goods, the fairness of the prices and that they were necessaries, were admitted.

In the case, of Clothier v. Wolff, 66 Pa. Superior Ct. 328, 329, the court laid down the following general rule applying to the liability of husband and wife: "Under the common law, the husband is alone liable for the support of the family. The Act of April 11, 1848, P. L. 536, while preserving this liability, created under certain circumstances a secondary liability against the separate estate of the wife. The proviso in the eighth section of the act is 'that judgment shall not be rendered against the wife, ......, unless it shall have been proved that the debt sued for ...... was contracted by the wife, or incurred for articles necessary for the support of the family of the said

husband and wife.' The word 'or' is to be read 'and':
Murray v. Keyes, 35 Pa. 384; Parke v. Kleeber &
Brother, 37 Pa. 251. It is, therefore, necessary that
the creditor prove not only that the goods furnished
were necessaries, and used in the family, but also that
the wife undertook to pay for them: Berger v. Clark,
79 Pa. 340. Presumptively the wife acts as the hus-
band's agent in the purchase of family necessaries, and
the burden of proof rests on the plaintiff to establish
an undertaking on her part to pay for them: Moore
v. Copeley, 165 Pa. 294.''

A wife purchasing necessaries for her family is pre-
sumably acting as her husband's agent but that pre-
sumption is overcome when she specifically contracts
in her own name and the credit is given to her: Straw-
bridge and Clothier v. Schecter, 92 Pa. Superior Ct.
61, 62.

In the case at hand, the plaintiff established that the
defendant wife had, by separate agreement, agreed
to pay for the goods that were furnished to her. Under
these circumstances, the court should have directed
judgment in favor of the plaintiff and against both
husband and wife for the goods furnished.

The judgment is reversed and judgment is herewith
directed to be entered in favor of the plaintiff and
against the defendants, Louis J. Kamons and Mrs.
Louis J. Kamons, his wife.