## YOUNG v. GREAT ATLANTIC & PACIFIC TEA CO.

### No. 8200.

District Court, W. D. Pennsylvania.
June 24, 1936.

E. P. Curran and Austin L. Staley, both of Pittsburgh, Pa., for plaintiff.

Smith, Buchanan, Scott & Ingersoll (by William H. Eckert) and William J. Kyle, Jr., all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

Plaintiff's wife purchased at one of the retail stores of the defendant, located in West View, Allegheny county, a jar of raspberry preserves. The following morning the jar was placed upon the breakfast table for use. The plaintiff opened the jar and spread some of the preserves on a slice of bread which he ate. He then placed some more of the preserves on a second slice, and while eating said slice his teeth came in contact with something which felt to him like a gummy substance, about the size of a half dollar. He took this substance from his mouth, washed it under a water spigot, and discovered that it had some meat therein with hair, which was subsequently discovered to be part of a mouse. After the washing thereof he became nauseous and vomited several times. This continued for some time thereafter, and he was disabled wholly from doing any work for a time and partially disabled for some time thereafter. He brought this action against the defendant in assumpsit based upon an implied warranty that the article sold was merchantable.

At the trial the defendant submitted a request for binding instructions. This point was reserved and the verdict of the jury was taken subject to the decision thereof. The jury returned a verdict in favor of the plaintiff in the sum of $400. The case is now before us on plaintiff's motion for a new trial and on defendant's motion for verdict and judgment on the point of law reserved. Defendant contends that there was no privity of contract between the plaintiff and the defendant for the reason that the purchase was made by plaintiff's wife and not by the plaintiff. This contention is not sustained.

In Dublino v. Natale, 118 Pa.Super. 301, 304, 179 A. 821, 822, it is stated: "The primary presumption, when a wife takes up necessaries for the family of her husband and herself, is, that she is acting as his messenger or agent, for on him lies the primary duty of furnishing and paying for them. The evidence must overcome this presumption and satisfy the jury that she is acting in her own right, in order to bind her separate estate." See Nock v. Coca Cola Bottling Works of Pittsburgh, 102 Pa.Super. 515, 156 A. 537.

The Pennsylvania Act of May 4, 1889, P.L. 87, § 1 (69 P.S.Pa. § 123 note), provides: "In every sale of green, salted, pickled or smoked meats, lard and other articles of merchandise, used wholly or in part for food, said goods or merchandise shall correspond in kind and quality with

the description given, either orally or in writing, by the vendor; and in every sale of such goods or merchandise * * * there shall be an implied contract or undertaking that the goods or merchandise are sound and fit for household consumption."

There was no evidence in this case for whom plaintiff's wife was acting when she purchased the jar of raspberry preserves, but there was evidence on which the jury could find that said preserves were a necessary; if so, plaintiff's wife would be presumed to be acting as the plaintiff's agent in the making of the purchase.

Defendant contends that there is no implied warranty by a retailer of goods that the same are merchantable who sells the same in a sealed container. This contention cannot be sustained. The Uniform Sales Act of Pennsylvania (Act of May 19, 1915, P.L. 543, § 15, par. 2 [69 P.S. Pa. § 124, par. 2]) provides exceptions to the general rule that there is not a warranty by the seller of goods, which exception is: "Second. Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality."

In Ryan v. Progressive Grocery Stores, 255 N.Y. 388, 392, 175 N.E. 105, 106, 74 A. L.R. 339, the court in an opinion by Mr. Justice Cardozo said: "Under the common-law rule long in force in this state, the warranty of merchantable quality was limited to sales by a manufacturer or grower. Hargous v. Stone, 5 N.Y. 73; Hoe v. Sanborn, 21 N.Y. 552, 78 Am.Dec. 163; Bartlett v. Hoppock, 34 N.Y. 118, 88 Am. Dec. 428; Carleton v. Lombard, Ayres & Co., 149 N.Y. 137, 43 N.E. 422; Bierman v. City Mills Co., 151 N.Y. 482, 45 N.E. 856, 37 L.R.A. 799, 56 Am.St.Rep. 635; Howard Iron Works v. Buffalo Elevating Co., 113 App.Div. 562, 99 N.Y.S. 163; Id. 188 N.Y. 619, 81 N.E. 1166; Williston, Sales, vol. 1, §§ 232, 233. All this has been changed since the coming of the Sales Law. Williston, supra. Dealer as well as manufacturer or grower affirms as to anything he sells, if purchased by description, that it is of merchantable quality. The burden may be heavy. It is one of the hazards of the business."

See, also, Pennsylvania Act of May 4, 1889, P.L. 87, § 1 (69 P.S.Pa. § 123 note), and Nock v. Coca-Cola Bottling Works of Pittsburgh, 102 P.S.C.R. 515, supra. The evidence in this case discloses that the goods were bought by description, that the goods sold were not merchantable, nor were they fit for household consumption by reason of the foreign substance contained therein.

Defendant further contends that there cannot be a recovery in this case because the damages suffered by the plaintiff, if any, were the result of a mental shock and the physical consequences resulting from said shock. This contention is sustained. Ewing v. P., C. & St. L. Ry. Co., 147 Pa. 40, 23 A. 340, 14 L.R.A. 666, 30 Am.St. Rep. 709; Linn v. Duquesne Borough, 204 Pa. 551, 54 A. 341, 93 Am.St.Rep. 800; Huston v. Freemansburg Borough, 212 Pa. 548, 61 A. 1022, 3 L.R.A.(N.S.) 49; Howarth v. Adams Express Co., 269 Pa. 280, 112 A. 536. In Ewing v. P. C. & St. L. Ry. Co., supra, defendant's demurrer to the statement of claim was sustained, in which it was averred that by collision on defendant's railroad through the negligence of its employees, cars were derailed and thrown against plaintiff's dwelling subjecting her to fright and nervous excitement, permanently weakening and disabling her. The court, in its opinion, stated: "What duty did the company owe this plaintiff? It owed her the duty not to injure her person by force or violence; in other words, not to do that which, if committed by an individual, would amount to an assault upon her person. But it owed her no duty to protect her from fright, nor had it any reason to anticipate that the result of a collision on its road would so operate on the mind of a person who witnessed it, but who sustained no bodily injury thereby, as to produce such nervous excitement and distress as to result in permanent injury; and, if the injury was one not likely to result from the collision, and one which the company could not have reasonably foreseen, then the accident was not the proximate cause. The rule on this subject is as follows: 'In determining what is proximate cause, the true rule is that the injury must be the natural and probable consequence of the negligence; such a consequence as, under the surrounding circumstances of the case, might and ought to have been seen by the wrongdoer as likely to flow from his act.' Pittsburgh S. Ry. Co. v. Taylor, 104 Pa. 306 [49 Am.Rep. 580]; West Mahanoy Tp. v. Watson, 112 Pa. 574, 3 A. 866. Test-

ed by this rule, we regard the injury as too remote."

The rule of law laid down in this case and in previous cases cited therein has since been followed by the Supreme Court of Pennsylvania.

The evidence in this case shows that the injury to the plaintiff was wholly mental; it was a fright; he was not poisoned or injured in any way physically; consequently this case falls under the rule laid down in the aforesaid cases.

The motion of plaintiff for a new trial is refused. The point of defendant requesting binding instructions in its behalf is affirmed. The verdict of the jury is set aside, and it is now directed that verdict and judgment be entered for the defendant.