## Walton v. Chilla

*Ronald M. Agulnick*, for plaintiff.
*Glenvar E. Harman*, for defendant.

RILEY, J., June 6, 1962.—Plaintiff has filed a complaint in assumpsit in which he avers that defendant's wife orally requested him to do certain work which "defendant and his wife" desired to be done in and about "their residence" in Downingtown. The work was completed and paid for except for the sum of $75. During the performance of this contract, defendant's wife orally requested plaintiff to perform additional work not included in the original contract, including installing a new window, a vent fan in the kitchen, kitchen cabinet and false ceiling, spouting at front and rear of house and a number of other items of like character which plaintiff performed for an averred fair and reasonable charge of $647.56. Defendant has filed an answer in which he admits that certain work was performed and materials furnished on the part of plaintiff at the request of his wife, but denies that he

was present when the work was requested and avers that he did not desire it done or order it and that all dealings were between plaintiff and defendant's wife and to be paid by her out of her own earnings. In new matter, he alleged that in 1959 plaintiff entered a suit in assumpsit in this court against his wife on the same contract and obtained a judgment against her. He sets forth certain facts which he believes constituted the terms of the contract between plaintiff and his wife, differing from those alleged by plaintiff and avers the balance of $75 and an additional sum of only $10 for extra work remains unpaid. Defendant then pleads a counterclaim in the alternative against plaintiff for alleged deficiencies in his performance of the original contract and seeks to recover an averred fair and reasonable sum of $340 to complete the items which he claims plaintiff promised to perform and failed to perform. Plaintiff admits the action and judgment against defendant's wife but avers that defendant's wife was acting on her own behalf and that of her husband in ordering the work and disputes defendant's averred facts as to the contract and counterclaim.

Defendant filed a motion for judgment on the pleadings. Plaintiff, with leave of court, amended his answer to allege that the work ordered by defendant's wife was "necessary for the support, comfort and health of defendant, his wife and family" and that "the work done, materials furnished and price therefore were appropriate to the station in life of the defendant, his wife, family and each of them."

The answer to the question raised under defendant's motion is not whether the prior action against defendant's wife is res judicata as the parties in that action were not the same, but rather lies in the nature of the obligations, if any, of defendant and his wife. It is conceded by plaintiff, and we believe properly so, that, if the obligation of defendant and his wife to plaintiff is

a purely joint one as distinguished from several or joint and several, plaintiff has no standing in court. Section 119 of the Restatement of Contracts states the common law rule that a judgment obtained against one or more joint promisors discharges the joint duty of the other promisor and a subsequent action against him is barred thereby. Such rule was consistently adhered to by our courts (Downey v. The Farmers' and Mechanics' Bank of Greencastle, 13 S. & R. 288; McDivitt's Executor v. McDivitt, 4 Watts 384) until the Act of April 11, 1848, P. L. 536, 12 PS §806, sec. 5, which permitted a subsequent action against other joint obligors following a judgment against less than all joint obligors. However Rule 2227-a of the Rules of Civil Procedure provides: "Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants"; and Rule 2250-2 specifically suspends the pertinent portion of the Act of 1848, as follows, "Section 5 of the Act of April 11, 1848, P. L. 536 No. 372, 12 PS 806, which relates to the effect of a judgment obtained against less than all joint obligors upon a subsequent action, absolutely." The conclusion of an intent to thereby suspend the right to bring an action against other joint obligors after a judgment has been sought and obtained against less than all of purely joint obligors is inescapable and therefore a judgment against less than all joint obligors bars a subsequent action against other joint obligors not joined as parties defendant.

Where two or more parties promise the same performance of the same promise, the presumption is that a solely joint obligation is created unless a contrary intent appears: Yadusky v. Shugars, 301 Pa. 99; Minz v. Tri-County Natural Gas Company, 259 Pa. 477; Restatement, Contracts, §112. Under this rule, had plaintiff's action remained based upon the allegation of

agency of the wife for defendant, her husband, she would have created a purely joint obligation and plaintiff's judgment obtained against the wife would be a bar to this action. The liability would rest simply upon the promise of each to perform the same obligation with no indication, verbal or otherwise, of any intent to be otherwise than jointly bound.

However, plaintiff amended his complaint after defendant's motion for judgment, a practice recognized as sound procedure: Benscoter v. D. L. & W. Railroad Co., 46 Luz. 267; Bovard v. Ohio Farmers Insurance Company, 50 Lack. Jur. 89; Danner v. Sky-View Memorial Park, Inc., 45 Schuyl. 135. He has now included therein the allegation that defendant's wife was contracting for "necessaries" within the means and station in life of defendant and thereby created the alleged liability of defendant to plaintiff. The liability of a husband for payment of the cost of necessaries is an obligation recognized in law and arising from the duty the law imposes upon him to render reasonable support and maintenance to his wife and family: Heitz v. Bridge, 155 Pa. Superior Ct. 655; Dublino v. Natale, 118 Pa. Superior Ct. 301. On the other hand, even though a wife makes the contract, she is not herself liable unless she pledges her own credit and she expressly contracts to pay for the necessaries: DeFeo v. DiBacco, 162 Pa. Superior Ct. 608; Boggs and Buhl v. Kamons, 109 Pa. Superior Ct. 487; Heitz v. Bridge, supra.

Where both husband and wife are responsible for necessaries, without an express contractual commitment by the husband, the basis of liability of each party is therefore distinct, the one arising by operation of law from the marital status of the parties and the other from a specific contractual undertaking. There are clear indications in the law that the obligation thus created is not a purely joint obligation of both parties.

The Act of April 11, 1848, P. L. 536, sec. 8, 48 PS §116, specifically authorizes a suit against both husband and wife for the cost of the necessaries but limits the right of execution, even where the wife is also liable, to the husband's property and only when no such property is found may execution be had against the wife's property. Again, when a wife contracts for and pays for necessaries, the law recognizes her right to obtain reimbursement in full from her husband: Gessler v. Gessler, 181 Pa. Superior Ct. 357; Adler v. Adler, 171 Pa. Superior Ct. 508. Neither the basis nor the incidents of a purely joint obligation exist. The liability created is purely several and a judgment against one, therefore, as above indicated, does not constitute a bar to a subsequent action against the other.

Whether the contract in this case involves "necessaries" within the meaning of the law we believe warrants factual development at trial. The motion for judgment on the pleadings acts as a demurrer to the record with all inferences most strongly in favor of the adverse party and judgment should be entered only in cases where the facts are clear and free from doubt: Rose v. Metropolitan Life Insurance Company, 403 Pa. 135; Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312; Lekner v. Montgomery, 180 Pa. Superior Ct. 493; Lehrfeld v. Ayres, 5 Chester 1. The complaint alleges the items of building repairs and alterations to be "necessary for the support, comfort and health of defendant, his wife and family" and "were appropriate to the station in life of the defendant, his wife, family and each of them". If factually supported, such allegations must be taken as true and the mere denials by defendant ignored for the purposes of this motion: Wark & Company v. Twelfth & Sansom Corporation, 378 Pa. 578.

The question of whether a purchase or contract was in fact for "necessaries" is ordinarily a question for

the jury (Gimbel Brothers, Inc., v. Pinto, 188 Pa. Superior Ct. 72) and only in a very clear case is a court justified in declaring items "not necessaries" as a matter of law (Levison v. Davis, 212 Pa. 148; 26 Am. Jur., Husband and Wife, §§375-383). Within reasonable limitations, repairs and alterations to their residence might be considered as "necessaries" in the similar classification of items reasonably essential to the support of a wife and family in accord with their means and station of life. Such facts as will substantiate their character as "necessaries" must be presented at the trial to convince the finders of fact that the contract entered into by this wife is such as to render defendant legally responsible on that ground. Failing such proof, plaintiff's action must be dismissed as it would be otherwise barred upon the basis of no liability at all or by a mere showing of liability resting upon joint promises other than for necessaries, creating a purely joint obligation and therefore barred by the prior judgment obtained against his wife.

A factual issue having been raised requiring development before the triers of fact, defendant's motion for judgment on the pleadings is hereby dismissed this sixth day of June, 1962.