**Marlow v. C. Schmidt & Sons, Inc.**

*Martin H. Philip* and *John Yarema*, for plaintiff.
*Roger N. Nanovic*, of *Nanovic & McKinley*, for defendant.

HEIMBACH, *P. J.*, August 21, 1975—Plaintiff's complaint is that immediately after consuming several ounces of Schmidt's bottled beer he became nauseated because the beer was improperly brewed and contained seeds and a large swollen hop. As a result he suffered a severe shock to his nervous system and attendant emotional suffering and distress.

The thrust of defendant's preliminary objections in the nature of a demurrer and a motion for a more specific complaint is that emotional distress, unaccompanied by an injury, is not compensable, citing Young v. Great Atlantic & Pacific Tea Co., 15 F. Supp. 1018 (1936).

In the A. & P. case plaintiff opened a jar of raspberry preserves and spread some on a slice of bread, which he ate. He then placed some more of the preserves on a second slice and, while eating said slice, he bit into something gummy. He took the substance out of his mouth and discovered it was part of a mouse. He became nauseous and vomited. He was disabled for some time. The court held no recovery since the damages he suffered were the result of mental shock—not caused by any physical injury.

Admittedly this was the law in Pennsylvania until Niederman v. Brodsky, 436 Pa. 401, 261 A. 2d 84 (1970), came along, when the court put at rest the need for impact for recovery of damages proximately caused by the tort. True, the court limited

recovery in those cases where plaintiff was in personal danger of physical impact because of the direction of a negligent force against him and where plaintiff actually did fear physical impact.

Without belaboring the point, a review of the Niederman case, supra; Ayala et al. v. Philadelphia Board of Public Education, 435 Pa. 584, 305 A. 2d 877 (1973), where the court cast aside the immunity of a school district for tort liability; and Wisniewski v. The Great Atlantic & Pacific Tea Co., 226 Pa. Superior Ct. 574, 323 A. 2d 744 (1974), where a mother was permitted recovery of incidental expenses on a breach of warranty claim where, as a result of observing her daughter eat bread containing a foreign substance she sustained a gastritis aggravation, indicates that henceforth the philosophy of the Supreme Court will be as stated by Justice Roberts in Ayala et al. v. Philadelphia Board of Public Education, 453 Pa, at 594:

". . . In Niederman v. Brodsky, 436 Pa. 401, 403, 261 A. 2d 84, 85 (1970), we said: ' "It is fundamental to our common law system that one may seek redress for every substantial wrong. 'The best statement of the rule is that a wrongdoer is responsible for the natural and proximate consequences of his misconduct. . . .' "' "

For these reasons we enter the following

## ORDER

Now August 21, 1975, defendant's preliminary objections are dismissed and it is directed to file an answer to plaintiff's complaint within 20 days from this date on penalty of a default judgment being entered.