# Bank *v.* Poore, Appellant.

*Judgments—Collateral attack—Married women—Capacity to contract —Presumptions—Act of June 8, 1893, P. L. 344—Principal and surety —Ejectment.*

1. Under the Act of June 8, 1893, P. L. 344, a married woman occupies the same position with regard to her property and the right to make contracts as if she were unmarried with the exceptions noted

in the act. Formerly her capacity to contract was exceptional and her disability general; now the disability is exceptional and her capacity general; the burden is on her when she seeks to avoid her contract to bring it within one of the few exceptions. The unlimited power over her property and the unrestricted right to make contracts have changed the former presumption that her contracts were void.

2. A judgment regular on its face and entered by a court of competent jurisdiction cannot, in the absence of fraud or collusion, be impeached collaterally in any court by the parties or privies thereto, or by a stranger. Since the passage of the act of 1893, there being no presumption that a judgment confessed by a married woman is void, it is prima facie valid, and being only voidable it cannot be attacked in a collateral proceeding, such as an action of ejectment.

Argued Feb. 22, 1911. Appeal, No. 17, Jan. T., 1911, by defendants, from judgment of C. P. Lackawanna Co., Sept. T., 1906, No. 1,172 on verdict for plaintiff in case of Merchants' and Mechanics' Bank of Scranton v. Marion Poore et al. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment for land in the thirteenth ward of the city of Scranton. Before O'NEILL, J.

The opinion of the Supreme Court states the case.

Verdict for the plaintiff by direction of the court. Defendant appealed.

*Errors assigned* were in overruling a certain offer and striking out testimony introduced by the defense to impeach the judgment and sale thereunder.

*Cornelius Comegys*, with him *George S. Horn*, for appellants.—The judgment entered on the note was void: Doyle v. Kelly, 75 Ill. 574; Wiltbank v. Tobler, 181 Pa. 103; Caldwell v. Walters, 18 Pa. 79.

Notice is either actual or constructive; but there is no difference between actual and constructive notice in their consequences; both classes of notice have one and the same effect: Epley v. Witherow, 7 Watts, 163.

*Charles H. Welles,* of *Welles & Torrey,* with him *William W. Lathrope,* for appellee.—The judgment under which the land in dispute was sold by the sheriff cannot be impeached in this collateral proceeding: Allison v. Rankin, 7 S. & R. 269; Buchannan v. Biggs, 2 Yeates, 232; Ross v. Dewey, 215 Pa. 526; Kostenbader v. Kuebler, 199 Pa. 246; Koechling v. Henkel, 144 Pa. 215; Abell v. Chaffee, 154 Pa. 254; Adams v. Grey, 154 Pa. 258; Stahr v. Brewer, 186 Pa. 623; Spotts's Est., 156 Pa. 281; McNeal v. McNeal, 161 Pa. 109; Toomey v. Rosansky, 11 Pa. Superior Ct. 506; Weaver v. Brenner, 145 Pa. 299; Kennedy v. Baker, 159 Pa. 146.

OPINION BY MR. JUSTICE MESTREZAT, April 10, 1911:

This was an action of ejectment brought by the plaintiff against Christina R. Lindsay to recover a piece of land in the city of Scranton. The defendant died in 1909 and her children were substituted as defendants.

Christina R. Lindsay, the wife of R. M. Lindsay, was the owner of the premises in dispute. On January 18, 1895, she and her husband and one William Richmond signed a promissory note containing a confession of judgment and waiving inquisition for the sum of $7,000, payable to the Merchants' and Mechanics' Bank, the plaintiff in this action. Judgment was entered on the note in the common pleas of Lackawanna county on January 21, 1895. A writ of fieri facias was issued on the judgment on December 18, 1899, and by virtue thereof the sheriff sold the land in controversy to the Merchants' and Mechanics' Bank, the plaintiff in the execution. This action of ejectment was brought August 28, 1906, to recover the property purchased by the plaintiff at the sheriff's sale.

On the trial of the cause the defendants offered to show that at the time the judgment note was signed by Christina R. Lindsay she was a married woman, the wife of R. M. Lindsay, and that the note was given as collateral security for the indebtedness of the New Buffalo Coal Company. The offer was objected to by plaintiff's counsel, but was

admitted for the time being. Subsequently, the court changed its ruling, sustained the objection to the offer and directed the jury to return a verdict for the plaintiff. The exclusion of the testimony is the only matter assigned for error.

At common law a judgment note executed by a married woman was void, and real estate sold on the judgment entered thereon passed no title to the purchaser. The judgment was open to collateral attack and could be impeached on the trial of an ejectment brought to recover the premises sold by the sheriff. But the Acts of June 3, 1887, P. L. 332, and 1893 entirely changed the common law in this respect. By the Act of June 8, 1893, P. L. 344, a married woman was given the same right and power as an unmarried person to acquire, own, possess, control or dispose of all kinds of property, but requiring her husband to join in conveying or mortgaging her real estate. She was also given the same right as an unmarried person to make contracts, with the exception that she could not become an accommodation indorser, maker, guarantor or surety for another. The act also conferred upon her the power to dispose of her property by will in the same manner as if she were unmarried.

It will be observed that under the act of 1893 a married woman occupies the same position with regard to her property and the right to make contracts as if she were unmarried, with the exceptions noted. Formerly her capacity to contract was exceptional and her disability general; now the disability is exceptional and her capacity general, the burden being on her when she seeks to avoid her contract to bring it within one of the few exceptions: Patrick & Co. v. Smith, 165 Pa. 526. The unlimited power over her property and the unrestricted right to make contracts have changed the former presumption that her contracts were void. A note or other obligation given by a married woman is now presumed to be valid, and if she alleges that it is invalid the burden is upon her to show that it comes within the exceptions to her right to

contract made in the statute. It follows, and we have so held, that a judgment confessed by a married woman is no longer prima facie void; at most it is voidable and, on her application, may be set aside only when it appears to have been unauthorized by the act.

It is a settled rule that a judgment regular on its face and entered by a court of competent jurisdiction cannot, in the absence of fraud or collusion, be impeached collaterally in any court by the parties or privies thereto, or by a stranger. Since the passage of the act of 1893, there being no presumption that a judgment confessed by a married woman is void, it is prima facie valid, and being only voidable it cannot be attacked in a collateral proceeding.

The learned counsel for the defendants contend that the judgment was open to attack on the trial of the ejectment because the plaintiff in the execution who became the purchaser of the real estate in dispute had actual notice and knowledge that the note on which the judgment was entered was given as collateral security. Conceding this to be true, it is not sufficient to permit the defendants to attack the judgment in the collateral proceeding. The judgment was regular on its face and did not disclose that the defendant was a married woman. Such an attack can only be made when the judgment is void. If the judgment is voidable, that is, if the note was given as collateral security which is unauthorized by the act of 1893, the defendants could only get relief by an application to the court to open or strike it off. Until such a proceeding was instituted, the payee, notwithstanding his knowledge that the note was given for a purpose prohibited by the act of assembly, had the right to assume that no attack would be made upon it. So far as the record discloses the judgment was valid and hence the sheriff's deed conveyed a good title to the purchaser. If the judgment was invalid, by reason of the note having been given as collateral security, it was simply voidable and not void, and therefore was not the subject of attack on the trial of the ejectment brought to

recover the real estate conveyed by the sheriff's deed. The learned judge was right in directing a verdict for the plaintiff.

The judgment is affirmed.