# Murray, Appellant, *v.* McDonald.

*Married woman—Husband and wife—Principal and surety—
Judgment—Opening judgment—Public policy—Illegal contract—
Estoppel.*

A judgment entered against a married woman on a judgment
note which she signed as surety for her husband, will be opened
because the signing of such a note by a wife, not only contra-
venes public policy but also offends against a positive statute.
The wife is not estopped from asserting her right to have the
judgment opened because she falsely certified on the face of the
note that it was given for her own personal use and not as a
guaranty or surety for any other person; nor is she estopped by the
fact that she took no steps to have the judgment opened until four
years after its entry.

Argued Feb. 20, 1912. Appeal, No. 25, Jan. T., 1912,
by plaintiff, from order of C. P. Lackawanna Co., Jan.
T., 1907, No. 642, dismissing exceptions to report of
referee in case of M. J. Murray v. Martha L. McDonald.
Before FELL, C. J., BROWN, POTTER, STEWART and
MOSCHZISKER, JJ. Affirmed.

Exceptions to report of H. R. VanDeusen, Esq., re-
feree.

The facts are stated in the opinion of the Supreme
Court.

*Error assigned* was in dismissing exceptions to report
of referee.

*M. J. Martin,* with him *M. J. Murray, Jr.,* for appel-
lant.—A motion to open a judgment is an appeal to the
equitable power of the court to let the defendant into a
defense: Ilyus v. Buch, 34 Pa. Super. Ct. 43; Shan-
non v. Castner, 21 Pa. Super. Ct. 294; Augustine v.
Wolf, 215 Pa. 558; Joy v. Amantea, 43 Pa. Super. Ct.
529; Kaier Co. v. O'Brien, 202 Pa. 153; McAnulty v. Nat.

Life Assn., 6 Lack. L. N. 128; Fuller v. Law, 207 Pa. 101; McCormick v. Bottorf, 155 Pa. 331; Dorris v. Coal Co., 215 Pa. 638; Boyertown Nat. Bank v. Hartman, 147 Pa. 558.

Defendant can not contradict the note by averring her own misrepresentation: Appleby v. Barrett, 28 Pa. Super. Ct. 349; Atkins v. Grist, 44 Pa. Super. Ct. 310.

The court will not grant equitable relief to one who alleges his own turpitude as the ground for such relief: Reynolds v. Boland, 202 Pa. 642; Kunkle's App., 107 Pa. 368; Winton v. Freeman, 102 Pa. 366; Gill v. Henry, 95 Pa. 388.

She was estopped by her conduct: Orr v. White, 106 Ind. 341 (6 N. E. Repr. 909); Rogers v. Life Ins. Co., 111 Ind. 343 (12 N. E. Repr. 495); Lane v. Schlemmer, 114 Ind. 296 (15 N. E. Repr. 454); Bodine v. Killeen, 53 N. Y. 93; Hart v. Church, 126 Cal. 471 (58 Pac. Repr. 910; 59 Pac. Repr. 296); Patterson v. Lawrence, 90 Ill. 174.

*A. A. Vosburg*, with him *A. D. Dean*, for appellee.—A note given by a married woman to repay money loaned to her husband will not support a claim against her or her estate: Real Estate Investment Co. v. Roop, 132 Pa. 496; Melroy v. Melroy, 6 Pa. C. C. R. 419; Patrick v. Smith, 165 Pa. 526; Weigle v. Mercer, 1 Pa. Super. Ct. 490.

A judgment note given by a married woman to secure the debt of her husband or of another is void: Jaquett v. Allabaugh, 16 Pa. Super. Ct. 557; Harris v. Reinhard, 165 Pa. 36.

There is nothing in the case to take it out on the rule that when a married woman, though apparently a principal is in reality a surety she cannot be held liable: Wiltbank v. Tobler, 181 Pa. 103; Henry v. Bigley, 5 Pa. Super. Ct. 503; Stahr v. Brewer, 190 Pa. 521; First Nat'l. Bank v. Short, 15 Pa. Super. Ct. 64; Harper v. O'Neil, 194 Pa. 141; Harley v. Leonard, 4 Pa. Super. Ct.

431; Reynolds v. Creveling, 177 Pa. 267; Philadelphia
Co. v. Gas Co., 180 Pa. 235; McGihn v. Benner, 180 Pa.
396; Hotchkiss v. Roehn, 181 Pa. 65.

OPINION BY MR. JUSTICE STEWART, April 8, 1912:

The judgment which is the subject of the present con-
troversy was entered by confession, under warrant of
attorney contained in a single bill, of which M. E. Mc-
Donald and Martha L. McDonald were the makers. The
makers were husband and wife. The bill concluded as
follows: "And I, Martha L. McDonald, do hereby cer-
tify that this note is given for my personal use and
benefit and for the improvement of my separate estate
and that I do not make it as accommodation endorser,
maker, guarantor, or surety for any other person." On
the face of the bill, though not included in the bill
itself, this appears: "Collateral for note in First Na-
tional Bank, Scranton, Pa., or any renewal thereof."
The note here referred to was one given by the husband,
M. E. McDonald, to the appellant, and by the latter
endorsed and discounted at the Scranton National
Bank. The bill and note were each for $5,000, and
were executed contemporaneously 19 September, 1905.
The note represented the individual debt of the hus-
band; he received the proceeds of the discount and ap-
plied them to his own purposes; no portion of the
money was expended for the personal benefit of the
wife or in the improvement of her separate estate;
there were no business transactions or relations be-
tween the wife and the appellant; the single bill was
signed by the wife at the instance and request of the
husband, for his own convenience and uses in connec-
tion with the discounting of his note. These are the
facts found by the referee, and concurred in by the
chancellor. It is only necessary to say that the proof
in support of them was ample and conclusive. On the
application of the wife, alleging these facts substan-
tially, the judgment was opened. The final result was

judgment in her favor. We pass without comment the assignment of error which complains of the finding that Martha L. McDonald signed the judgment as surety for her husband. It is too clearly established to admit of dispute that this was her only relation to the transaction, however much such finding may reflect upon her good faith and candor, in view of what she certified to in the bill over her own signature, a question about which there may well be difference of opinion in the light of the explanation she gives. But no conclusion, however adverse to the wife with respect to this feature of the case, can influence a determination of the controversy. The judgment, it is true, was opened on her application, but the court was not moved to this in order that she might be relieved from an obligation which she had voluntarily, though, as she says, negligently, assumed, certainly to the great damage of the appellant, who loaned his credit to her husband on the faith of her written certificate. The judgment was not opened to permit her to show a claim to equitable relief, for she had asserted none, and had none. The judgment was correct in amount; the terms of payment were in accordance with the terms of the agreement; nothing had been paid on it, and it stood clear of all suggestion of fraud. It was opened solely because the transaction as exhibited in her application was one not only contravening public policy, but one which offended against a positive statute. The rule which permits a court to open a judgment under such circumstances has repeatedly been asserted, and the principle on which it rests has been vindicated in numerous cases. In Bredin's Appeal, 92 Pa. 241, the court below refused to open a judgment by confession to permit it to be shown that the note containing the warrant had been given for the suspension of a prosecution for forgery. In the opinion by this court, delivered by Mr. Justice TRUNKEY, reversing the order of the lower court, it is said, referring to the duty of the court in

such case, "It comes within the rule, that where the welfare of society and the vindication of the law are the chief objects, the defendant may give in evidence the illegality of the contract as a bar to a suit to enforce it; and this to prevent the evil which would be produced by enforcing the contract or allowing it to stand. Shall these objects be thwarted, and the evil follow which the law designs to prevent, because of a judgment confessed by virtue of a warrant which is but a part of the criminal transaction?" While there is nothing criminal, of course, in a married woman becoming surety for her husband, it yet offends quite as much against positive law as it would were a penalty attached. The principle we have cited extends to any act which the law forbids: "It would seem to be settled in Pennsylvania that chancery will grant relief by injunction to stay proceedings, where a judgment is procured by fraud or given upon a consideration which is illegal, or upon a transaction contrary to public policy, or in violation of the law." Given's Appeal, 121 Pa. 260. Unless the principle here asserted is to prevail in cases like the present, the statutory prohibition against a married woman becoming surety for her husband would be of no effect, and the policy of the law in this regard liable to circumvention by flimsiest device. All that a court sitting in equity may do in such case is fully within the power of the court having jurisdiction over its own judgments. The court in the present instance having properly opened the judgment, it follows that it was within its power to enter the final judgment in the case which here appears, and that such judgment was the only correct one. That appellee took no steps to have the judgment opened for four years after its entry, makes nothing to the contrary. "The judgment having been entered by confession upon warrant of attorney, the question of the illegality of the confession was not considered at the entry of the judgment; the defendant cannot be charged with laches in failing

to set up her defense, for she had no opportunity." Given's Appeal, supra. In what we have said as to the real ground on which the opening of the judgment rests, may be found a sufficient answer to the contention that the appellee was estopped by her own conduct and that it was not competent for her to contradict the terms mentioned in the note.

The assignments of error are overruled and the judgment is affirmed.