## Southwestern National Bank *v.* Leibowitz, Appellant, et al.

Argued January 6, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN and BARNES, JJ.

*Sidney Chait,* with him *Henry W. Balka,* for appellant.

*Michael A. Spatola* and *Harry S. Abrams,* for appellee, were not heard.

PER CURIAM, January 31, 1936:

Appellant claims to have been an accommodation endorser for her husband. She argues that there is no evidence in the record to show that she received any benefit from the bank for the note she signed. There was sufficient evidence in the record to show that the son acted as the agent for the mother (an illiterate), and that he negotiated with the bank for the transfer of the entire account standing in the name of the husband to her fictitious trade name in return for her assumption of the husband's debt. This entire transaction cannot be separated from the plan which the husband had formulated to transfer to his wife all of his valuable assets.

To-day a married woman is practically on a parity with her husband so far as her ability to hold property or make contracts is concerned. She may not, however, become accommodation maker or endorser, surety or guarantor on notes or other obligations. When she does, the burden is on her to show that she signed such obligation as an accommodation maker and not for her own benefit: Bank v. Poore, 231 Pa. 362, 365; Yeany v. Shannon, 256 Pa. 135, 139.

The entire matter rested on disputed facts and inferences to be made therefrom, and, these questions having

been fairly presented to the jury, their finding is conclusive.

Judgment affirmed.