## Heitz *v.* Bridge et ux., Appellants.

Argued April 25, 1944. Before KELLER, P. J., BALD-RIGE, HIRT, KENWORTHEY and RENO, JJ. (RHODES and JAMES, JJ., absent).

*Harry J. Schmitt,* for appellants.

*Morris L. Marcus,* for appellee.

OPINION BY HIRT, J., September 27, 1944:

Plaintiff is a licensed operator specializing in treatment of the scalp. Defendants' son, then about ten years old, was completely bald and was brought to plaintiff by his father. Between May 1, 1941 and April 10, 1942, plaintiff gave the boy 150 treatments and by the end of the period, (whether because of them is immaterial) he had grown a normal head of hair. On each occasion the father also received a scalp treatment. Plaintiff's charges for all services to both amounted to $684. In this action to recover that amount, it was not established that plaintiff's charges were unreasonable. The verdict in favor of plaintiff for but $350 may be explained by the fact that defendant, Walter S. Bridge, made repairs to plaintiff's premises and equipment during the period for which he was not paid. Defendants' appeal questions the re-

fusal of judgment n. o. v. in their favor and, in the alternative, the refusal of a new trial, on the ground that the proofs do not impose liability on the wife.

The Act of June 8, 1893, P. L. 344, 48 PS 31, 32, "emancipated married women from their common-law disabilities, and authorized them to incur contract liabilities as if they were feme soles, with the exception of such disabilities [not involved here since it is not contended that the wife's status was that of surety for her husband] as are particularly specified in or contemplated by the act:" *Fulcomer v. Pa. Railroad Co.*, 141 Pa. Superior Ct. 264, 14 A. 2d 593. The act has had a liberal construction both in the direction of freedom of a married woman to contract (*Northampton Brewery Corp. v. Lande,* 138 Pa. Superior Ct. 235, 10 A. 2d 583) and in imposing liability on a wife along with her husband on their joint contracts. *Gower v. Harakal et ux.*, 131 Pa. Superior Ct. 185, 198 A. 923. In the *Gower* case, the fact that the plaintiff had "dealings" with the wife and her husband was held to be enough to impose liability on the wife for materials furnished. Appellants, however, argue that the services were in the nature of family necessaries and that the wife's agreement to pay came after that of her husband. Accordingly they contend that the services were not rendered on the strength of her promise and therefore the obligation was that of the husband alone. One answer to this contention is that case was not tried on that theory below. Scalp treatments of a bald boy may be within the class of family necessaries (31 C. J. 1079) and even if so considered, we think the proofs establish an enforceable contract. Although the general rule is that a wife contracting for necessaries, which her husband is bound to provide, is presumed to be acting as her husband's agent (*Moore v. Copley,* 165 Pa. 294, 30 A. 829; *Strawbrige & Cloth. v. Shecter,* 92 Pa. Superior Ct. 61) the circumstances

rebut such presumption in this case. On direct examination plaintiff testified that when the boy was brought to her by Walter S. Bridge, "He asked me about the treatment, and I explained it to him, and he said he would bring his wife in, and I explained to them, and they promised to pay, and they said they would give me a bonus, and I said I didn't want a bonus, I only wanted what I asked; I said it was all right if they paid at the beginning or end." Notwithstanding other statements of plaintiff on cross-examination, in the light of the verdict in plaintiff's favor she is entitled to the inference that the jury found that the discussion between plaintiff and the husband at the first meeting related to terms merely and did not end in a contract between plaintiff and Walter S. Bridge. And when defendants did appear together, they both promised plaintiff to pay her for her services. The evidence supplies sufficient affirmative proof of the wife's undertaking and of an agreement by both husband and wife to pay the plaintiff. The joint agreement however was restricted to treatment of the boy. Plaintiff testified that "Mrs. Bridge said: 'We certainly are glad you are taking care of Robert's head and we will pay you and give you a bonus besides.'" She did not assume liability for the treatment of her husband. That remained a matter between plaintiff and the husband alone. The verdict therefore should not exceed $342, the limit of plaintiff's charges for services to the boy.

The jury found "for the plaintiff, Mrs. Heitz, the sum of $350." Except by reference in the verdict to "the above entitled case," in which both husband and wife were named as defendants, no finding was made specifically against either or both of them. Defendants are not entitled to a new trial on this ground. It is essential in some cases (e. g. where several defendants are charged with independent acts of negligence which allegedly united in injuring a plaintiff or where ad-

ditional defendants are brought into the case) for the jury to be explicit in their finding against all or less than all of them. Here, however, plaintiff rested her case on the joint promise of husband and wife and (indicating the theory of the defense) at the conclusion of the judge's charge defendants' counsel requested the court to say: "I think, your honor, this jury should be instructed that the only way Mrs. Bridge could be liable for this bill is that she agreed to make her seperate estate liable for this bill.". In response, the judge charged: "We will say to you again that under the law there is no liability [by implication] on Mrs. Bridge to pay for these treatments. You would have to find or believe Mrs. Heitz's story that Mr. and Mrs. Bridge both came to her and both agreed . . . . . . to pay this particular bill." To determine what a jury intended is important in construing a verdict. A presumption that a verdict is responsive to the issues as raised by the pleadings and the proofs, arises in support of a general verdict and some leniency must be exercised in criticism of its form. Cf. *Newport Coal Co. et al. v. Ziegler*, 255 Ky. 429, 74 S. W. 2d 561. Here, defendants made no objection to the verdict before recording (Cf. *East Broad Top Transit Co. v. Flood*, 326 Pa. 353, 192 A. 401) and no assignment of error questions its form in this appeal. *Foulk et al. v. Hampton*, 299 Pa. 272, 149 A. 486.

The judgment, reduced to $342, is affirmed.