De Feo *v.* DiBacco et ux., Appellants.

Argued March 18, 1948. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Fine, JJ.

*A. Bernard Hirsch*, with him *Frank S. Dreeben*, for appellants.

*Cecil P. Harvey*, for appellee.

Opinion by Ross, J., July 23, 1948:

Judgment was entered by the plaintiff against the defendants, husband and wife, on a judgment note in the sum of $550, dated July 21, 1930, and signed by both of them. The judgment was entered on December 6, 1937 and revived by sci. fa. on November 18, 1942. The defendants, on December 27, 1944, presented a petition

for a rule to show cause why the said judgment should not be opened and the defendants let into their defenses (1) that the wife defendant had signed the note as an accommodation endorser, and (2) payment. The rule was made absolute on December 9, 1946 and the parties were directed to frame an issue to be heard by the court. The case by agreement was tried before the court without a jury, and a verdict rendered in favor of the plaintiff. Defendants' motion for a new trial on the ground that the verdict was against the law and against the evidence was refused by the court below, and this appeal was taken.

The note involved in this case was given for rent owed for a house owned by the plaintiff and leased to the defendants, and for money lent by the plaintiff to the defendants.

With the exception of such disabilities as are particularly specified in or contemplated by statute, married women are emancipated from their common law disabilities and are authorized to incur contract liabilities as if they were femes sole. *Gower v. Harakal*, 131 Pa. Superior Ct. 185, 198 A. 923. The Act of June 8, 1893, P. L. 344, sec. 2, 48 PS 32, provides, inter alia, that a married woman "may not become accommodation endorser, maker, guarantor or surety for another". The Act is to be construed liberally in the direction of freedom of a married woman to contract and in imposing liability on a wife along with her husband on their joint contracts. *Heitz v. Bridge*, 155 Pa. Superior Ct. 655, 39 A. 2d 287. A married woman may properly make or endorse a note other than by way of accommodation, and as the Act of 1893 makes her capacity the rule and her incapacity the exception the burden is on her to prove that she acted as an accommodation party. *First Nat. Bank of Verona v. Walsh*, 349 Pa. 241, 37 A. 2d 130. "A note or other obligation given by a married woman is now presumed to be valid, and if she alleges that it is invalid the burden is upon her to show that it

comes within the exceptions to her right to contract made in the statute. It follows, and we have so held, that a judgment confessed by a married woman is no longer prima facie void; at most it is voidable and, on her application may be set aside only when it appears to have been unauthorized by the act." *Bank v. Poore*, 231 Pa. 362, 365, 80 A. 525, 526.

The defendant wife did not appear as a witness and no reason was given for her failure to testify. The husband gave no testimony relative to the amount for rent ($350) but testified that the loan of money ($200) was made by the plaintiff solely to him.

Although the husband is primarily responsible for necessaries—in this case, rent—the wife may also become liable. *Heitz v. Bridge*, 155 Pa. Superior Ct. 655, 39 A. 2d 287, supra. The plaintiff testified that she has known the wife defendant since the latter was 14 or 15 years old and that she met the husband "while he was keeping company with Mrs. DiBacco but I knew her family since 1922". She testified that she rented the house to "Mr. and Mrs. DiBacco" at the request of the wife, who was working at the time; that the wife came to the plaintiff's house at different times and "I gave her the house", and the lease offered in evidence was signed by both defendants. She testified further that she lent the money to both defendants at the request of the wife. Relative to the defense of payment, the husband testified that the note had been paid and the plaintiff that it had not. Both defenses to the note were issues of fact which were resolved in the plaintiff's favor by the trial judge who was the finder of the facts.

The refusal of a new trial by the court below will be reversed only when it is shown that the court manifestly abused its discretion (*Holt v. Pariser*, 161 Pa. Superior Ct. 315, 54 A. 2d 89) and in this case we find no such abuse of discretion.

Judgment affirmed.