Logue *v.* Long, Appellant.

Argued November 24, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*John N. Gazetos,* with him *A. R. Cingolani,* for appellant.

*Lee C. McCandless,* for appellee.

OPINION BY DITHRICH, J., January 12, 1951:

The question involved in this appeal is whether the note in suit represents a primary obligation of appel-

lant, a married woman, or whether she signed it solely for the accommodation of her husband. The latter she was forbidden to do by §2 of the Act of June 8, 1893, P. L. 344, 48 PS §32. The note was executed March 13, 1939, prior to the enactment of the amendment of May 17, 1945, P. L. 625, which removed the restriction as to a married woman becoming an accommodation maker.

March 11, 1939, appellant's husband was committed to jail for failure to pay a fine and costs and make restitution in a certain amount, in compliance with a sentence imposed upon him in 1934 following his conviction of a criminal charge in the Court of Quarter Sessions of Butler County. That night and again the following afternoon appellant went to plaintiff's house and pleaded with plaintiff and his wife to furnish the money to get her husband released from jail. Plaintiff agreed to comply with her request. On the morning of March 13 he paid $2026.83 to the clerk of courts, and appellant's husband was released from custody. That evening the note in suit was prepared, in the amount of $2490, and left at appellant's home. The additional amount represented various other payments made by plaintiff to or for appellant or her husband. A few days later plaintiff stopped by and picked up the note. Both appellant and her husband had signed it as makers.

A note given by a married woman is presumed to be valid; if she asserts that she signed it as an accommodation maker, the burden of proof is upon her: *First National Bank of Verona v. Walsh*, 349 Pa. 241, 37 A. 2d 130; *Southwestern National Bank v. Leibowitz*, 320 Pa. 410, 182 A. 695; *Bank v. Poore*, 231 Pa. 362, 80 A. 525; *DeFeo v. DiBacco*, 162 Pa. Superior Ct. 608, 60 A. 2d 597. The issue in this case was submitted to a jury, which found that appellant had assumed a primary obligation on the note. The

evidence is sufficient to warrant that finding. Cf. *Southwestern National Bank v. Leibowitz,* supra. Appellant on her own initiative entreated plaintiff to provide the money, declaring, "I will scrub floors but what I will pay it." She was the prime mover; her entreaties were the main inducement. Hers was in large measure the benefit of the transaction; she secured the release of her husband from jail, thereby making it possible for them to resume normal marital life. In signing the note she was not merely lending her credit to her husband. In return for his release she was assuming a primary liability to their mutual benefactor.

Judgment affirmed.