WILLIAM E. NICHOL, DOING BUSINESS AS SCOTTSBLUFF CREDIT BUREAU, APPELLEE, V. MARY CLEMA, APPELLANT.

195 N. W. 2d 233

Filed March 3, 1972. No. 38034.

Marvin L. Holscher, for appellant.

George A. Sommer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an appeal from a judgment of the district court for Scotts Bluff County which held under the provisions of section 42-201, R. R. S. 1943, the property of Mary Clema was liable for medical services furnished to her husband, Joseph Clema, at his request. Execution on a judgment against Joseph Clema had been returned unsatisfied. The plaintiff then brought this action under the above statute. Section 42-201, R. R. S. 1943, insofar as it is pertinent, provides as follows: ". . . Provided, all property of a married woman, except ninety per cent of her wages, not exempt by statute from sale on execution or attachment, regardless of when or how said property has been or may hereafter be acquired, shall be liable for the payment of all debts contracted for necessaries furnished the family of said married woman after

execution against the husband for such indebtedness has been returned unsatisfied for want of goods and chattels, lands and tenements whereon to levy and make the same."

Mary contends Joseph is not included in the term family as that term is used in the statute and the judgment against him was not for necessaries furnished the family. These contentions are founded upon the highly unusual set of circumstances under which the Clemas live. There is no dispute in the facts. The case was tried upon a stipulation.

The stipulated facts show the Clema marriage has been the subject of constant litigation between the parties. Mary made an unsuccessful attempt to divorce her husband in 1949. In 1951 Joseph filed a suit claiming an interest in certain real estate belonging to Mary. In that action the court held the land in question was the separate property of Mary but Joseph had the right to occupy the dwelling house as a home. Joseph filed suit against Mary in 1960 seeking an order of the court directing her to support him. This case is still pending and no order has been entered. It is stipulated that because of the 1951 decree Mary allows Joseph to live in the house, however, each party maintains his own bedroom and lives separate from the other in every respect. Each furnishes his own support, prepares his own meals, does his own laundry, and, except for occupying the same premises, are as strangers. Mary, however, pays the utilities bills, taxes, and upkeep on the home. Joseph has been totally incapacitated for at least 10 years and has not contributed anything to the support of Mary since 1948 except a $10 payment on a gas bill many years prior to this litigation. Mary filed an action for divorce against Joseph on December 1, 1969, and this action is still pending. Medical services rendered Joseph were furnished from 1965 to 1967 prior to that divorce action.

Both parties cite and rely upon separate portions of the

opinions in Leake v. Lucas, 65 Neb. 359, 91 N. W. 374, 62 L. R. A. 190, adhered to on rehearing 65 Neb. 365, 93 N. W. 1019. In that case this court said: "We do not intend to establish a rule of law by which we shall be conclusively bound in such cases hereafter, for every decision upon this question must necessarily be largely governed by the facts existing in the particular case in which it is rendered. . . . We ought to give the statute a reasonable construction, and we therefore hold, under the facts in this particular case, that when the husband is actually a part of the family, living with it as such, and is for some reason temporarily incapacitated by illness, his maintenance and support, including medical attendance, comes fairly within the rule of the statute which makes the wife liable as his surety therefor. . . . There can be no doubt that the word 'family' includes the husband, and that 'necessaries' furnished him for his individual use, are furnished the family within the meaning of the statute."

Mary of course stresses the portions of the opinion in Leake v. Lucas, *supra,* referring to each case being decided on its own facts, statements in the opinion with reference to temporary incapacity, and the recital that the services furnished enabled the husband to return to health and again support his family. She argues that under the facts here there is no "family" within the meaning of the statute and, apparently by implication at least, the services furnished were not in any event necessaries of the family because Joseph contributed nothing to the wife's support and the medical services were not of any benefit to the family for Joseph could not be restored to health.

This is a case which is not easy of decision, but the following factors persuade us the judgment of the trial court should be affirmed. Joseph and Mary, despite their strained relationship, are in fact husband and wife. Mary has been unsuccessful in her efforts to obtain a divorce. They live in the same house and, to the casual

observer at least, appear to be a family. There was no divorce action pending between them at the time the services were furnished although, as we have noted, it is stipulated that Joseph lives in the home only because of the decree of the court. This decree would appear to be based upon a finding that he has a right to do so because it is the family homestead. Mary appears to have acquiesced in this finding as she has not appealed from that decree. Also, Leake v. Lucas, *supra*, clearly holds that medical services furnished a husband are family necessaries within the provisions of section 42-201, R. R. S. 1943, and we do not understand that our court in that case founded its decision upon the effectiveness of the medical services in restoring the husband to health and earning capacity. Further, practically all the cases which have considered the matter hold medical service furnished the husband individually are a family necessary under statutes comparable to section 42-201, R. R. S. 1943. Under some circumstances even though the husband and wife are not living under the same roof they may still constitute a family. A case worthy of note is In re Guardianship of DeNisson, 197 Wash. 265, 84 P. 2d 1024, where the estate of the wife, who was confined in an asylum, was held liable for the support of an aged and indigent husband.

We reiterate the statement in Leake v. Lucas, *supra:* "We do not intend to establish a rule of law by which we shall be conclusively bound in such cases hereafter, for every decision upon this question must necessarily be largely governed by the facts existing in the particular case in which it is rendered."

In his brief plaintiff asks for an attorney's fee in this court under the provisions of section 25-1801, R. S. Supp., 1969. The existence of conditions precedent for such an allowance are neither pled nor proved. See Andrews v. Wilkie, 181 Neb. 398, 148 N. W. 2d 924. No fee can be allowed.

AFFIRMED.