414 A.2d 682

COMMONWEALTH of Pennsylvania, ex rel. Elizabeth WEBER

v.

Michael WEBER, Appellant.

Superior Court of Pennsylvania.

Argued June 18, 1979.

Filed Nov. 16, 1979.

Dennis Woody, Chester, for appellant.

Thomas L. Kelly, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

The issues presented in this custody case include, *inter alia*,[1] whether the lower court erred (1) in failing to file an adequate opinion; (2) in deciding the case on the basis of an inadequate record; and (3) in applying the discredited "tender years" presumption in reaching its decision. We conclude that the lower court did err and, accordingly, vacate its order and remand for further proceedings.

On February 20, 1978, the natural mother and the natural father of Jesse, Rian, and Nathan Weber, separated. The father had custody of the children pursuant to a written agreement between the parties from a time shortly after the separation until July of 1978. The mother was permitted to visit the children under the terms of the agreement, but in

---

1. Appellant makes three contentions which we do not reach because of our disposition of the case. He alleges:

(1) that the lower court erred in granting custody to the mother because its award was not in the best interests of the children; (2) that the lower court erred in granting custody to the mother because no evidence that she had recovered from her mental illness was presented; and (3) the lower court erred in interfering with the written agreement of the parties which placed custody of the children with the mother.

May of 1978, she filed a petition for a writ of habeas corpus requesting custody of the children.

The lower court held a hearing on the petition on July 19, 1978. Evidence adduced at the hearing revealed the following: Marital difficulties between the parties had arisen primarily as a result of the father's disapproval of the manner in which his wife kept house and cared for the children. Appellee testified that, as a result of her depression over marital problems, she had spent some time in a mental institution during the year before the parties separated. The father testified that if he were granted custody, he would, as he had in the past, engage a babysitter to care for the children during the time he spent at work each day and when he was required to travel on business. The mother testified that although she had worked part-time during the past year, her mother and father, with whom she lived, would care for the children during her absence. Although the mother stated her belief that her husband had a drinking problem, she did not voice any complaints about his care of the children while he had custody of them.

At the conclusion of the hearing, the lower court, in a ruling from the bench, granted custody to the mother. On November 28, 1978, in response to the father's notice of appeal, the lower court entered a memorandum opinion. The opinion consisted of a citation to the page of the hearing transcript where the judge stated his conclusion that it was in the best interest of the children to be in a home where their mother and grandmother were present to take care of them rather than in the home of their father who worked daily. The father now appeals from the decision of the lower court.

"It is fundamental that in all custody disputes, the best interests of the child must prevail; all other considerations are deemed subordinate to the child's physical, intellectual, moral, and spiritual well-being." *Garrity v. Garrity*, 268 Pa.Super. 217, 221, 407 A.2d 1323, 1325 (1979). In order

to achieve this end, the scope of our review in custody cases is of the broadest type. *In re Custody of Neal*, 260 Pa.Super. 151, 393 A.2d 1057 (1978); *Commonwealth ex rel. Ulmer v. Ulmer*, 231 Pa.Super. 144, 331 A.2d 665 (1974). "So as to facilitate this broad review, we have consistently emphasized that the hearing court must provide us not only with a complete record, *Augustine v. Augustine*, 228 Pa.Super. 312, 324 A.2d 477 (1974), but also with a complete and comprehensive opinion which contains a thorough analysis of the record and specific reasons for the court's ultimate decision. *Martincheck v. Martincheck*, 262 Pa.Super. 346, 396 A.2d 788 (1979); *Tobias v. Tobias*, 248 Pa.Super. 168, 374 A.2d 1372 (1977); *Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976)." *In re Custody of White*, 270 Pa.Super. 165, 167–168, 411 A.2d 231, 232–233 (1979). Moreover, where the hearing judge has failed to provide us with a complete record and a comprehensive opinion, we have not hesitated to remand. *Commonwealth ex rel. Schall v. Schall*, 251 Pa.Super. 262, 380 A.2d 478 (1977).

In the case at bar, the opinion of the lower court consisted solely of a citation to the record of the hearing. Thus, the court did not provide us with the sort of comprehensive, reasoned analysis which our case law requires. No discussion of the evidence or of the unique facts of this case is contained in the conclusory oral statement of the hearing judge that the children's best interests would be served by being with their mother and grandmother because their father works. This statement reveals a consideration of general factors rather than the specific facts of this case.

Moreover, the record in the case is incomplete. One of the father's allegations was that the mother is mentally unstable and incapable of taking proper care of the children. Yet the record lacks a psychiatric report of the mother. Similarly, although the mother contends that the father has a drinking problem, the record contains only the opinions of the parties regarding this allegation. We cannot review the award of

custody in an informed manner based upon this record. Consequently, we must remand the case for further testimony and for the filing of a comprehensive opinion treating the specific facts and law applicable to this case.

■ Appellant also contends that the court improperly applied the "tender years" presumption in reaching its decision. That doctrine provided that the natural mother of a young child was entitled to custody unless compelling reasons to the contrary were presented by the father. *Commonwealth ex rel. Lucas v. Kreischer*, 450 Pa. 352, 299 A.2d 243 (1973). The tender years presumption was the law in this state until our Supreme Court determined that it conflicted with the Equal Rights Amendment to the Pennsylvania Constitution, Pa.Const. Art. 1, § 28. *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 299–300, 368 A.2d 635, 639 (1977).

We cannot determine with certainty whether the hearing judge applied the tender years presumption because we do not have the benefit of an opinion from the judge. It appears, however, from the judge's language in making the award of custody, that he may have believed that the mother has a prima facie right to custody. Thus, we caution that this doctrine is not to be applied on remand.

We must remand this case for further proceedings. On remand the court should consider any additional evidence which is relevant to the issue of the custody of the three children including, in particular, expert testimony on the psychiatric conditions of both parents.[2] The court shall moreover, file a comprehensive opinion reviewing the evidence and thoroughly discussing its reasoning.

Order vacated and case remanded for further proceedings consistent with this opinion.

2. We note for the benefit of the court on remand that psychiatric reports may not be received into evidence in custody cases unless the author of the report testifies in court subject to cross-examination. *Wood v. Tucker*, 231 Pa.Super. 461, 332 A.2d 191 (1974).