REQUESTED BY: B. B. Bornhoft, Wayne County Attorney.
In determining old age assistance eligibility for a husband in a nursing home, should the County Division of Public Welfare take into consideration the separate property of the wife where a premarital agreement provided that the property of each should remain separate in the marriage and that the husband would waive all rights to the wife's property at her demise.
In the event eligibility is established, would the separate funds of the wife be liable for reimbursement for any assistance that might be paid in behalf of the husband.
Yes.
Yes.
The purpose of a pre-nuptial agreement is generally for the husband and wife to maintain separate estates for reasons of inheritance. Such agreements are usually entered into where one party or both have children by a previous marriage. However, the existence of a pre-nuptial agreement does not abrogate the responsibilities of husband and wife to each other in marriage. Public policy requires that prenuptial agreements be construed according to the intentions of the parties and the conditions and circumstances attending their execution. Anderl v. Willsey, 193 Neb. 698,229 N.W.2d 46 (1975).
Section 42-201, R.R.S. 1943, provides that a wife is liable for necessaries of life for her family but only after execution against the husband has been returned unsatisfied.Nichol v. Clema, 188 Neb. 74, 195 N.W.2d 233. Medical services furnished husband individually are `necessaries' within statute defining liability of property of married women for debts of family, Leake v. Lucas, 65 Neb. 359,91 N.W. 374, 93 N.W. 1019, Nichol v. Clema, supra.
It is necessary to consider the question in terms of section 42-205 which provides that nothing contained in sections 42-201 to 42-205 shall invalidate any marriage settlement or contract. We believe some question exists whether the pre-nuptial agreement here in issue is a `marriage contract' as contemplated by section 42-205. However, even if section 42-205 is found applicable we see no reason for its application to alter the outcome on these facts.
Judging from the resume of the pre-nuptial agreement which you gave us, there is nothing in the agreement preventing either party or both parties from dissipating their entire assets during the marriage either by joint spending, or as in this case, by the legal liability of one spouse resulting from medical necessity.
It should be noted that section 42-201 addresses the matter of the rights of creditors against the separate property of the wife for necessaries furnished to the family, as opposed to the rights between spouses.
The summary of the agreement states that he waives all rights to take or inherit any of the property of the wife at her demise. The wife still lives. The issue then is one of `resources available' under Nebraska law and section 42-201
provides in effect that creditors who have provided necessaries for the family (including the husband) have recourse against the separate property of the wife.
It is therefore our opinion that while the marriage exists the separate estates would be considered `resources available' for determining eligibility for medical assistance, even though the statute provides that the wife's property is not liable until there has been an unsatisfied return of execution against the property of the husband. This is, of course, subject to IX-6341 of the State Plan and Manual which provides for the exemption or disregard of certain items such as real property which the applicant or dependents occupy as a home.