493 A.2d 93

**Helen C. SWIDZINSKI, Executrix of the Estate of Joseph C. Schultz, Appellant,**

v.

**Eugenia SCHULTZ and Kenneth Schultz.**

Superior Court of Pennsylvania.

Argued March 18, 1985.

Filed May 17, 1985.

Petition for Allowance of Appeal Denied Nov. 12, 1985.

William D. Kemper, Butler, for appellant.

Frank P. Krizner, Butler, for appellees.

Before CIRILLO, HOFFMAN and ROSENWALD *, JJ.

CIRILLO, Judge:

Appellant Helen Swidzinski is the sister of the decedent, Joseph Schultz, and the executrix of his estate. Joseph Schultz is survived by his wife, appellee Eugenia Schultz, his son, appellee Kenneth Schultz, and other children who are not parties to this action. Joseph Schultz's only assets were real estate owned jointly with his wife and a bank

---

* Judge Edward Rosenwald, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

account held jointly with Kenneth. In his will, he directed that his funeral expenses be paid out of the assets of his estate; however, his estate is insolvent.

Appellant, as executrix of the estate, sued appellees in assumpsit to recover the testator's funeral expenses. The appellees demurred to the complaint. The trial court sustained their demurrers, and stated that neither a widow nor a surviving child is liable for the funeral expenses of a husband or parent, where the estate is insolvent.

■ Appellant presents two questions, which we will answer together:

1) If a husband is presumed to be primarily liable for the funeral expenses of his deceased spouse, does the same presumption of liability apply to make the wife liable for the husband's funeral expenses?

2) Is the obligation of a spouse to pay funeral expenses of his/her deceased spouse relieved totally by language in the decedent's Will which states that funeral expenses are to be paid out of the estate of the decedent whenever the decedent's estate is insolvent?[1]

■ The scope of review of an appellate court, when confronted with a challenge to a demurrer, is limited. *Mahoney v. Furches*, 503 Pa. 60, 468 A.2d 458 (1983). We may sustain a demurrer only if it is clear, on the face of the complaint, that the plaintiff has no cause of action. *Mahoney, supra; Greenspan v. United Services Automobile Association*, 324 Pa.Super. 315, 471 A.2d 856 (1984); *Stein v. Richardson*, 302 Pa.Super. 124, 448 A.2d 558 (1982); *Zelik v. Daily News Publishing Co.*, 288 Pa.Super. 277, 431 A.2d 1046 (1981). We do not find this requisite clarity in the instant case.

■ The Probate, Estates and Fiduciaries Code provides that, if the applicable assets of an estate are insufficient, the decedent's personal representative shall pay, in order,

---

1. Appellant does not now question the decedent's child's responsibility for his father's burial costs. This issue is therefore waived. Pa.R. App.P. 2116; *Rago v. Nace*, 313 Pa.Super. 575, 460 A.2d 337 (1983).

the estate's administration costs, the family exemption and the decedent's funeral and burial expenses. 20 Pa.C.S. § 3392. A testator may provide in his will for his burial. *See Pettigrew v. Pettigrew*, 207 Pa. 313, 56 A. 878 (1904); 22 Am.Jur.2d, Dead Bodies § 12; Annot., 7 A.L.R.3d 747 (1966). However, burial costs have long been a charge imposed by law on an estate. *Wright v. Allstate Insurance Co.*, 271 Pa.Super. 559, 414 A.2d 395 (1979); *Volkwein v. Volkwein*, 146 Pa.Super. 265, 22 A.2d 81 (1941). Appellant now argues that, under the Pennsylvania Constitution, a surviving wife should account for her husband's funeral costs, where his estate is insolvent.

Historically, a husband was responsible for his family's necessities, including funeral expenses. *See Waesch Estate*, 166 Pa. 204, 30 A. 1124 (1895); *Samuels v. Hirz*, 189 Pa.Super. 492, 151 A.2d 640 (1959); 41 Am.Jur.2d, Husband and Wife §§ 348–370. This rule presumed that the husband was in a better individual economic situation than his wife or her estate; in addition, it defined the marriage contract as one to which the husband contributed monetary support and the wife domestic services.

The enactment of Married Women's statutes in many states recognized the separate estate of a wife and began the erosion of the common-law rule. *See Bair v. Robinson*, 108 Pa. (12 Out.) 247, *aff'd. per curiam* 3 A. 669 (1886) (where husband insolvent, wife held bound to her contract for funeral arrangements for her mother, who had resided with couple). In Pennsylvania, the Marriage Law states that a contract creditor may sue both a husband and wife, and levy upon the wife's separate property if execution upon the husband's is returned unsatisfied. 48 P.S. § 116.

However, the husband remained primarily responsible for the family's necessities, so that a wife whose husband had deserted the family could use her estate to provide those necessities, and then assert a quasi-contractual right against her husband to recover her expenditures. *Adler v. Adler*, 171 Pa.Super. 508, 90 A.2d 389 (1952). The husband

was legally obligated to pay for necessary goods and services, unless the wife paid for them directly, contracted specifically in her own name, or requested that necessities be charged to her estate. *Link v. Highway Express Lines, Inc.*, 444 Pa. 447, 282 A.2d 727 (1971); *Johns Hopkins Hospital v. Delhomer*, 82 York 92, *aff'd.* 434 Pa. 474, 255 A.2d 117 (1969); *Fulcomer v. Pennsylvania R. Co.*, 141 Pa.Super. 264, 14 A.2d 593 (1940); *Dublino v. Natale*, 118 Pa.Super. 301, 179 A. 821 (1935); *Estate of Cora A. McGinnis*, 109 Pa.Super. 248, 167 A. 616 (1933). *Accord DeFeo v. DiBacco*, 162 Pa.Super. 608, 60 A.2d 597 (1948) (husband primarily liable on judgment note for rent, but wife who signed note with him could also be liable).

■ Section 116 was enacted, and these decisions rendered before the adoption of our state's equal rights amendment, which provides: "Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." Pa. Const. art. I, § 28. The amendment was intended to equalize the benefits *and* the burdens between the sexes, so that gender alone could no longer be an exclusive method of classification. *DiFlorido v. DiFlorido*, 459 Pa. 641, 331 A.2d 174 (1975); *Commonwealth v. Butler*, 458 Pa. 289, 328 A.2d 851 (1974); 1973 Op.Atty.Gen., No. 62. Thus, it was not meant merely to benefit women, and has already been applied to a variety of personal and economic rights and responsibilities: reimbursement for public defender services, *United States v. O'Neill*, 478 F.Supp. 852 (E.D.Pa. 1979); sentencing, *Commonwealth v. Saunders*, 459 Pa. 677, 331 A.2d 193 (1975); eligibility for parole, *Commonwealth v. Butler, supra;* child custody, *Commonwealth ex rel. Weber v. Weber*, 272 Pa.Super. 88, 414 A.2d 682 (1979); consent to adoption of illegitimate child, *Adoption of Walker*, 468 Pa. 165, 360 A.2d 603 (1976); child support, *Straub v. Tyahla*, 274 Pa.Super. 411, 418 A.2d 472 (1980); support of illegitimate children, *Commonwealth v. Rebovich*, 267

Pa.Super. 254, 406 A.2d 791 (1979); alimony pendente lite, counsel fees and expenses in divorce proceedings, *Henderson v. Henderson*, 458 Pa. 97, 327 A.2d 60 (1974); recovery for loss of consortium, *Hopkins v. Blanco*, 224 Pa.Super. 116, 302 A.2d 855 (1973), *aff'd.* 457 Pa. 90, 320 A.2d 139 (1974); employee disability benefits, *Lukus v. Westinghouse Electric Corp.*, 276 Pa.Super. 232, 419 A.2d 431 (1980); and motor vehicle insurance, *Com., Human Relations Commission v. Transit Casualty Insurance Co.*, 478 Pa. 430, 387 A.2d 58 (1978). *See also* Albert Momjian, "Family Law and the Pennsylvania Equal Rights Amendment," 25 Vill.L.Rev. 677 (1979–1980); Annot., 90 A.L.R.3d 158 (1979).

Other states have similarly modified or voided the common-law rule, under married women's statutes or equal rights amendments or on equal protection or public policy grounds. *See Credit Bureau of Santa Monica Bay District, Inc. v. Terranova*, 15 Cal.App.3d 854, 93 Cal.Rptr. 538 (1971); *Parkway General Hospital, Inc. v. Stern*, 400 So.2d 166 (Fla.Dist.Ct.App.1981); *Condore v. Prince George's County*, 289 Md. 516, 425 A.2d 1011 (1981); *Nichol v. Clema*, 188 Neb. 74, 195 N.W.2d 233 (1972); *Swogger v. Sunrise Hospital, Inc.*, 88 Nev. 300, 496 P.2d 751 (1972); *Jersey Shore Medical Center-Fitkin Hospital v. Estate of Baum*, 84 N.J. 137, 417 A.2d 1003 (1980); *Marshfield Clinic v. Discher*, 105 Wis.2d 506, 314 N.W.2d 326 (1982); Annot., 11 A.L.R. 4th 1160 (1982); Annot., 20 A.L.R. 4th 196 (1983).

The specific question before us is whether a widow must, pursuant to the equal rights amendment, be presumed liable to the executor of her husband's estate for his funeral expenses. By statute, appellee Eugenia Schultz would be liable for those expenses if they had been incurred by a public body or agency. 62 P.S. § 1974 ("Property of persons liable for expenses incurred for support and assistance"). Likewise, she could be liable, under the aforementioned Section 116, in a suit by a private provider of burial

services. Here, however, recovery is sought by the executrix of the indigent's estate. We have found no Pennsylvania appellate decision holding a widow, under common law or the equal rights amendment, responsible to the executor of her husband's estate for his interment costs.[2]

Our sister state, Ohio, has imposed a duty upon widows to ensure payment of their husband's funeral expenses. In *Charles Melbourne & Sons, Inc. v. Jesset*, 110 Ohio App. 502, 163 N.E.2d 773 (1960), the widow had contracted with the plaintiff for funeral arrangements. The court stated that the wife of an insolvent was obligated, regardless of contract, for his necessities, which included funeral costs. Similarly, the Ohio Court in *Smith v. Snapp*, 16 Ohio Op.2d 304, 175 N.E.2d 333 (1961), found a widow liable for funeral expenses under a statute, the common law of necessities, and public policy.

■ In light of these authorities, we hold that, where a deceased husband's estate is insufficient to pay his funeral expenses, those expenses, to the extent of the insufficiency, shall be charged to his surviving wife, as her share in the burdens arising out of the marital relationship. This rule is consistent with article I, Section 28, and acknowledges modern economic realities, like those presented in the instant case, in which the surviving wife's assets may exceed those of her husband's estate.

■ Accordingly, appellant's complaint, as against appellee Eugenia Schultz, did not so clearly fail to state a cause of action as to justify sustaining a demurrer to that complaint. The order of the trial court, insofar as it sustained appellee Eugenia Schultz's demurrer, is reversed.

Reversed in part; affirmed in part. Jurisdiction is relinquished.

2. We note that *Hetrick v. Hartman (No. 1)*, 80 D. & C. 342 (1951), required a widow to pay for her husband's burial. *See also Fox v. Gordon*, 16 Phila. 185 (1883).