In re Arlene P. OLEXA, Debtor.

Charles O. Zebley Jr., Esq., Trustee, Movant,

v.

Arlene P. Olexa, Respondent.

No. 04–20181 BM.

United States Bankruptcy Court, W.D. Pennsylvania.

Nov. 17, 2004.

Charles O. Zebley Jr., Uniontown, PA, Pro se.

Dennis J. Spyra, Pittsburgh, PA, for Debtor/Respondent.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtor Arlene O'Lexa has taken an exemption pursuant to § 522(b)(2)(B) of the Bankruptcy Code in her personal residence. She and husband, who is not a debtor in bankruptcy, own the property as tenants by the entirety.

Claiming that the property is not "immune from process" for purposes of § 522(b)(2)(B), the chapter 7 trustee has objected to the exemption. Because all of the debts listed on the bankruptcy schedules were incurred for "necessaries" for purposes of 23 Pa. C.S.A. § 4102, the trustee maintains that any of debtor's prepetition creditors could have obtained a judgment against both debtor *and* her husband and then executed on their entireties property to satisfy the judgment.

The trustee's objection will be overruled for reasons stated in this memorandum opinion. Debtor's claimed exemption will be allowed.

## — FACTS —

The salient facts in this matter are not in dispute.

Debtor filed a voluntary chapter 7 petition on January 6, 2004. Her husband did not join in the petition. A chapter 7 trustee was appointed shortly thereafter.

The schedules attached to the petition identified assets with a total declared value of $72,870 and liabilities totaling $34,093.

Included among the assets is the family residence which debtor and her husband own as tenants by the entirety. The property has a declared value of $70,000 and is free and clear of liens and encumbrances.

The remainder of the assets listed on the schedules is comprised of personalty with a total declared value of $2,870.

Debtor has exempted all of the listed assets pursuant to exemptions permitted under Pennsylvania law. Included among the exempted assets is the above residence which debtor and her husband own as tenants by the entirety. The asserted statutory basis for this particular exemption is § 522(b)(2)(B) of the Bankruptcy Code.

There are no secured creditors or unsecured priority creditors in this case. All of the scheduled debt is owed to general unsecured creditors. More precisely, all of the debt was incurred through the use of credit cards in debtor's name only and, in debtor's own words, was for "Household Goods/Bill Payment". None of the debt in question is disputed.

According to the schedules, there are no co-debtors with respect to any of the listed debts.

The chapter 7 trustee reported shortly after the conclusion of the § 341(a) meeting of creditors, which was held on March 5, 2004, that assets of the bankruptcy es-

tate would be available for distribution to debtor's creditors.

Following up on this, the chapter 7 trustee objected in a timely manner to the exemption debtor had taken in her residence. Though all of the debts listed on the schedules were incurred with credit cards issued in debtor's name only, the trustee contended that all of the debts in question were incurred for "necessaries" for which debtor and her husband were jointly liable. Creditors of the bankruptcy estate therefore could have obtained a judgment against both and, the trustee would have us conclude, could have satisfied the judgment by executing on their residence which they own as tenants by the entirety.

Debtor was granted a general discharge on September 3, 2004.

An evidentiary hearing on the trustee's objection to the above exemption and debtor's opposition thereto was held on September 17, 2004. The matter is now ready for decision.

— **DISCUSSION** —

■ Debtor's claimed exemption in the family residence is based on § 522(b)(2)(B) of the Bankruptcy Code, which provides in part as follows:

> Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection .... Such property is ___ ....

> (2)(B) any interest in property which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt

from process under applicable non-bankruptcy law.

11 U.S.C. § 522(b)(2)(B).

Because property law in general and the law pertaining to tenancies by the entirety in particular are creations of state law, the above phrase "applicable nonbankruptcy law" in the above provision refers in this instance to the law of Pennsylvania concerning tenancies by the entirety. *Napotnik v. Equibank and Parkvale Savings Association*, 679 F.2d 316, 318 (3d Cir. 1982).

■ The phrase "exempt from process" in this provision is to be understood as meaning "*immune* from process". *Id.*, 679 F.2d at 319. Subsection 522(b)(2)(B) was written to permit a debtor in bankruptcy to exempt any interest in entireties property that creditors cannot "reach" under state law. *Id.*

■ A tenancy by the entirety is a species of joint tenancy in property which is based on the common-law fiction that husband and wife are but a single person. *Frederick v. Southwick*, 165 Pa.Super. 78, 83, 67 A.2d 802, 805 (1949). It is a form of co-ownership of real or personal property by a husband and wife with the right of survivorship. Each spouse is seised *per tout et non my*—i.e., of the whole or entirety, not of a share, moiety or divisible part. *In re Estate of Bullotta*, 798 A.2d 771, 774 (Pa.Super.2002), *aff'd*, 575 Pa. 587, 838 A.2d 594 (2003). This type of ownership is reserved exclusively for married couples. *First Federal Savings & Loan Association of Greene County v. Porter*, 408 Pa. 236, 242, 183 A.2d 318, 322 (1962).

■ In addition to the right of survivorship, ownership by the entireties is characterized by the unities of interest, title, time and possession. *In re Estate of Maljovec*, 412 Pa.Super. 80, 84, 602 A.2d 1317, 1319 (1991).

■ A judgment creditor may execute on entireties property only if *both* spouses are judgment debtors. *Klebach v. Mellon Bank*, 388 Pa.Super. 203, 208, 565 A.2d 448, 450 (1989). If they are not both judgment debtors, entireties property is immune from process, execution or sale by a judgment creditor of only one of the spouses. *Id.*

Debtor's claimed exemption in the family residence is based on the proposition that she alone is liable for all of the credit card debts listed on the bankruptcy schedules. Her husband, debtor maintains, is not liable for those debts. Although the creditors in question could have obtained a judgment against her, debtor maintains that they were not in a position to also obtain a judgment against her husband for those same debts, and therefore could not have executed on the family residence because it is entireties property. As was noted, a judgment creditor may execute on entireties property *only if* both spouses are judgment debtors. *Klebach*, 388 Pa.Super. at 208, 565 A.2d at 450.

The chapter 7 trustee maintains that debtor's husband also is liable under Pennsylvania law for the above credit card debt. Debtor's creditors, he contends, could have obtained a judgment against debtor's husband as well as against debtor and therefore could have executed on the family residence even though it is entireties property.

The ultimate question we must resolve here is whether, after obtaining a judgment against both debtor and her husband with respect to a debt for which only one of the spouses contracted, a judgment creditor could have executed on their entireties property to satisfy the judgment.

If the chapter 7 trustee is correct in this regard, his objection to the exemption debtor has taken in the family residence must be sustained. If he is incorrect, his objection must be overruled and the exemption must be allowed.

Because he has objected to the exemption, the burden of proving that the claimed exemption is not proper lies with the trustee. *Federal Rule of Bankruptcy Procedure 4003(c)*.

As support for his position, the chapter 7 trustee points to the following statutory provision:

> In all cases where debts are contracted for necessaries by either spouse for the support and maintenance of the family, it shall be lawful for the creditor in this case to institute suit against the husband and wife for the price of such necessaries and, after obtaining a judgment, have an execution against the spouse contracting the debt alone; and, if no property of that spouse is found, execution may be levied upon and satisfied out of the separate property of the other spouse.

23 Pa.C.S.A. § 4102 (Purdon's)(2001).

■ The scope of "necessaries" for purposes of this provision is not restricted to what may be considered the bare essentials required to hold body and soul together. Things required for and suitable in light of the rank and position of the spouses to maintain their lifestyle are also included. The kind and amount of such necessaries is to be determined on a case-by-case basis by considering the means, ability, social position and circumstances of both spouses. *Gimbel Brothers v. Pinto*, 188 Pa.Super. 72, 78, 145 A.2d 865, 869 (1958). The pecuniary circumstances of the non-contracting spouse may be relevant when considering whether an item contracted for by the other spouse qualifies as a "necessary" for purposes of 23 Pa.C.S.A. § 4102.

■ Most, if not all, of the debts incurred by debtor in this instance qualify as "necessaries" for purposes of 23 Pa.C.S.A. § 4102. Debtor testified at the evidentiary hearing on the trustee's objection that she used her credit cards to purchase groceries and clothing for herself and her husband. She also used a credit card to purchase an automobile which she and her husband both use for transportation. In debtor's own words, she incurred the debts "to hold the house together". Nothing in the record indicates that debtor's husband personally contracted for any of the debts listed on debtor's bankruptcy schedules.

■ It therefore follows in accordance with 23 Pa.C.S.A. § 4102 that a creditor who provided "necessaries" purchased by debtor could have brought suit against debtor and her husband for the price of the "necessaries" and then obtained a monetary judgment against both of them. From this the chapter 7 trustee would have us conclude that the judgment creditor could have executed on property held by debtor and her husband as tenants by the entirety to satisfy the judgment.

We reject this conclusion. It does not follow from this statutory provision that a judgment creditor could have executed on property they own as tenants by the entirety. To so conclude would require us to disregard the remainder of § 4102, which expressly provides that the judgment creditor may have an execution against the contracting spouse alone; if no such property is found, the judgment creditor then may execute on the separate property of the non-contracting spouse to satisfy the judgment.

■ This language indicates that the judgment creditor must first seek to collect from the assets of the spouse who incurred the debt for "necessaries". The judgment creditor may execute on the assets of the non-contracting spouse only when the assets of the contracting spouse are not sufficient to satisfy the judgment. The statute makes the spouse incurring the debt primarily liable and makes the other spouse secondarily liable. *See Porter v. Karivalis,* 718 A.2d 823, 826 (Pa.Super.1998).

■ The role of a court when construing a statute is to give effect to the intention of the General Assembly when it enacted the statute. 1 Pa.C.S.A. § 1921(a) (Purdon's 1995). Whenever possible, a statute must be construed so as to give effect to every word in the statute. *Pantuso Motors, Inc. v. Corestates Bank, N.A.,* 568 Pa. 601, 608, 798 A.2d 1277, 1282 (2002). The construing court must begin with the presumption that the General Assembly did not intend any statutory language to be surplusage. *Wiernik v. PHH U.S. Mortgage Corp.,* 736 A.2d 616, 620 (Pa.Super.), *appeal denied,* 561 Pa. 700, 751 A.2d 193 (2000). To conclude, as the chapter 7 trustee would have us do, that the judgment creditor may straightaway execute on entireties property to satisfy the judgment would render much of § 4102 superfluous.

According to the chapter 7 trustee, the above construal of § 4102 would "create a claim in one sentence and then eviscerate that claim in the next sentence". After conceding that § 4102 is "perhaps inartfully drawn", the trustee insists that the provision "clearly intends to arm a creditor who supplies necessaries at the request of one spouse with the ammunition to reach all the property the married couple owns".

This assertion is conclusory in nature; it offers nothing in the way of support for the chapter 7 trustee's position. Moreover, he has cited to no case law in support of his position. Our own research has uncovered no such support. The trustee's assertion also is hyperbolical. Instead of

"eviscerating" the principle that a creditor with a judgment against both spouses may execute on entireties property to satisfy the judgment, the above construal of § 4102 merely carves out a limited exception to the principle. Carving out the above exception to the principle Is a far cry from "eviscerating" it. We know of no reason for concluding that the principle concerning execution on entireties property is a *per se* rule and applies without exception in every instance. Few legal principles enjoy the status of being exceptionless.

The history behind the enactment of § 4102 and its predecessors supports the above construal of it.

The predecessor to 23 Pa.C.S.A. § 4102 was first enacted in 1848; it provided as follows:

> In all cases where debts may be contracted for necessaries for the support of the family of any married woman it shall be lawful for the creditor in such case to institute suit against the husband and wife for the price of such necessaries, and after obtaining a judgment, have an execution against the husband alone; and if no property of such husband be found, . . . an alias execution may be levied upon and satisfied out of the separate property of the wife, secured to her under the provisions of the first section of this act . . . .

48 P.S. § 116.

Under the common law, a husband was solely responsible for the family's necessities. It was presumed that the husband was in a better economic position than his wife. *Swidzinski v. Schultz,* 342 Pa.Super. 422, 425, 493 A.2d 93, 95 (1985). Marriage was viewed as a contract in which the husband contributed monetary support and the wife contributed domestic services. *Id.*

The Married Woman's Act of 1848 began the erosion of this common-law rule. In particular, 48 P.S. § 116 enabled a creditor who had provided "necessaries" to a spouse to sue both spouses and, after obtaining a judgment against both of them, to levy upon the property of the wife, but only if execution on the husband's separate assets was returned unsatisfied. *Id.*

The husband, however, remained primarily liable for the family's "necessaries". *Id.* This provision was intended to make the separate assets of the wife available to satisfy the judgment against both spouses, but only in the event the separate assets of the husband were not sufficient for that purpose. She was secondarily liable to the judgment creditor.

The new "wrinkle" wrought by 48 P.S, § 116 was to establish that the wife also was liable in such situations, albeit secondary to her husband's liability. There is nothing to indicate that 48 P.S. § 116 was enacted for the purpose of making entireties property available to satisfy the judgment.

Section 116 was enacted prior to adoption of the Equal Rights Amendment to the Pennsylvania Constitution, which provides as follows:

> Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual.

Pa. Const., Article I, § 28.

■ The Equal Rights Amendment to the Pennsylvania Constitution was intended to generally equalize the benefits and the burdens between the sexes. Gender alone could not be an exclusive method of classification. It was not the purpose of the amendment to benefit only women. *Swidzinski,* 342 Pa.Super. at 427, 493 A.2d at 95–96. Among other things, the amendment required a gender-neutral burden of

providing support for one's family. *U.S. v. O'Neill,* 478 F.Supp. 852, 854 (E.D.Pa. 1979).

23 Pa.C.S.A. § 4102 was enacted in 1990 to eliminate the gender bias of the common-law rule and of 48 P.S. § 116 concerning liability for necessaries. It accomplished this by making the spouse who contracted for the necessaries, regardless of gender, primarily liable for the obligation out of his or her separate estate while making the other spouse secondarily liable out of his or her separate estate. No longer is the husband primarily liable in every instance and the wife secondarily liable.

Left unchanged by the enactment of 23 Pa.C.S.A. § 1402 and the repeal of 48 P.S. § 116 was the principle that only the separate estates of spouses may be executed on when only one spouse contracted for necessaries. Put another way, 23 Pa.C.S.A. § 1402 was *not* enacted to enable a judgment creditor to execute on entireties property when only one spouse contracted for necessaries. As was the case with 23 Pa.C.S.A. § 116, 23 Pa.C.S.A. § 1402 does not contemplate that entireties property may be executed on to satisfy a judgment against both spouses for necessaries contracted for by only one of the spouses.

We conclude in light of the foregoing that the chapter 7 trustee's objection to the exemption debtor has taken pursuant to § 522(b)(2)(B) of the Bankruptcy Code in the family residence which she and her non-debtor husband own as tenants by the entirety must be overruled. The exemption is permissible and therefore must be allowed.

An appropriate order shall issue.

### ORDER OF COURT

**AND NOW,** at Pittsburgh this *17th* day of *November,* 2004, in light of the foregoing memorandum opinion, it hereby is **ORDERED, ADJUDGED** and **DECREED** that the objection of the chapter 7 trustee to the exemption debtor has taken in her residence be and hereby is **OVERRULED.** Said exemption is **ALLOWED.**

It is **SO ORDERED.**